## William A. Noe *et al.*

### *v.*

## The People of the State of Illinois.

1. INDICTMENT—*laying the venue.* Where the second count of an indictment charged: " And the grand jurors aforesaid chosen, selected and sworn in and for the county of ———, aforesaid." *Held,* that the *venue* was sufficiently laid, the term "aforesaid" referring with sufficient certainty to the county named in the first count.

2. CRIMINAL LAW—*disturbing a neighborhood or family in the night time.* The intent and design of the one hundred and twelfth section of the Criminal Code is to protect all persons from unlawful annoyances in their abodes at night; and a woman, occupying her dwelling *alone,* is as much under such protection as if surrounded by children or friends.

3. In such case, an unlawful disturbance of her in the night time would be strictly a disturbance of her "neighborhood," and would be a disturbance of her family, in the sense in which this term is used in the statute.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an indictment presented by the grand jury of Coles county, at the October Term, 1864, under the one hundred and twelfth section of the Criminal Code, against William A. Noe, Elzy Blake, Perry Mathews, Abram R. Spears and William Cullom. The case was tried by a jury, who returned a verdict

of not guilty on the first count, and found the defendants guilty under the second count, with the exception of Blake.

The further facts in the case necessary to its full understanding are stated in the opinion of the court.

Messrs. Henry, Read & Steele, for the plaintiffs in error.

Mr. C. M. Morrison, State's Attorney, for the people.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an indictment framed under the one hundred and twelfth section of the Criminal Code, which imposes a fine of fifty dollars upon any person who, at late and unusual hours of the night, maliciously or willfully disturbs the peace or quiet of any neighborhood or family by loud or unusual noises, or by tumultuous and offensive carriage. A motion was made to quash the second count of the indictment, and overruled. The objection taken to it is, that the *venue* was defectively laid. It is as follows: "And the grand jurors aforesaid chosen, selected and sworn in and for the county of ———, aforesaid," etc. This was sufficient. It refers by the term "aforesaid," with sufficient certainty to the county named in the first count.

The indictment was for disturbing the neighborhood and family of Lethe M. Dickson. The proof showed that she lived alone in her own house, her husband being in the army, and that the plaintiffs in error collected at a window of her house in the night and fired pistols. It is urged that the disturbance of Lethe M. Dickson did not, as stated in the instructions of the court, amount to a disturbance of either her family or her neighborhood. The statute however, is not to receive so narrow a construction. Its intent is, to protect all persons from unlawful annoyances in their abodes at night, and a woman occupying her dwelling alone is as much under such protection as if surrounded by children or friends. Whether with strict verbal accuracy she can be said to constitute her own family, is not important. An unlawful disturbance of her in

7—39th Ill.

the night time would be strictly a disturbance of her "neighborhood," and in the sense in which the term family is used in this statute, it would also be a disturbance of her family.

*Judgment affirmed.*