THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IRENE ALZINA JONES, *alias* MRS. BIRMINGHAM, Plaintiff in Error.

*Opinion filed October 26, 1909.*

1. CRIMINAL LAW—*when verdict is tantamount to an acquittal under certain count.* Where one count of an indictment for kidnapping is based on section 166 of the Criminal Code, which provides for a maximum punishment of five years in the penitentiary or a fine not exceeding $1000, or both, a general verdict of guilty in manner and form as charged in the indictment but fixing the punishment at twenty-five years in the penitentiary is tantamount to an acquittal under such count.

2. SAME—*motion to quash is properly overruled if there is one good count.* A general motion to quash the indictment is properly overruled if there is one good count in the indictment which will sustain the general verdict of guilty.

3. KIDNAPPING—*statutes provide for different offenses.* Section 166 and paragraphs 166½ and 166b of the Criminal Code provide for different offenses, the first relating to the unlawful imprisonment or carrying away of any person, regardless of age or regardless of motive; the second to the kidnapping of children un-

der twelve years of age, regardless of motive; and the third to the kidnapping of children in order to extort money or ransom.

4. SAME—*paragraph 166b of the Criminal Code is not unconstitutional, as being an amendatory act.* Paragraph 166b of the ·Criminal Code, which is section 1 of the act of May 11, 1901, is not unconstitutional, upon the ground that such act is an amendment to previous statutes without complying with the provisions of the constitution relating to amendments, but the said act of 1901 is complete in itself and is a valid law, in no way affecting the previous enactments.

5. SAME—*when counts sufficiently allege the names of parents.* Counts of an indictment, based on paragraph 166b of the Criminal Code, which allege that the child was kidnapped by the defendant for the purpose of extorting ransom or money from "Oscar Wulff and Marie Wulff, the said parents" of such child, sufficiently allege the names of the parents, if such an allegation is necessary.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

LOUIS GREENBERG, and JOHN F. TYRRELL, for plaintiff in error:

Counts 1 and 2 are defective for failure to allege the names of the parents of the kidnapped infant, the names being necessary for the identification as well as being a material description of the offense. 22 Ency. of Pl. & Pr. 505; *State* v. *Nutwell,* 1 Gill, 54; *Wimberly* v. *State,* 7 Tex. Cr. App. 329; *Willis* v. *People,* 1 Scam. 399; *McLaughlin* v. *State,* 47 Ind. 463.·

Acts passed dispensing with the naming of parties in indictments are held unconstitutional. *Murphy* v. *State,* 24 Miss. 590; *McLaughlin* v. *State,* 45 Ind. 338; Bishop on Crim. Proc. sec. 104.

Counts 3, 4, 5 and 6 are defective for failure to allege the names of the parents in the allegation of the child being kidnapped without the consent of the parents. Said counts are based upon section 166b of the Kidnapping statute. That act, which was passed in 1901, pretends to create a new offense, to-wit, "An act to prevent and punish

kidnapping for ransom," and was passed in violation of section 13 of article 4 of the constitution. *Erford* v. *Peoria,* 229 Ill. 546; *Stricklett* v. *State,* 31 Neb. 674.

W. H. STEAD, Attorney General, JOEL C. FITCH, Assistant Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (BENEDICT J. SHORT, and GEORGE W. POPHAM, of counsel,) for the People:

It is not essential to the validity of the counts of the indictment challenged that the names of the parents of the child alleged to have been kidnapped be stated. The allegation that the child was taken without the consent of the parent is sufficient. It is in the language of the statute, and is sufficiently certain to advise the defendant of the particular transaction which constituted the subject of the charge. From this description she could prepare her defense without embarrassment and could plead a conviction or acquittal in bar of another prosecution for the same offense. *Martin* v. *State,* 25 Tenn. 204; *State* v. *McKinley,* 82 Iowa, 445; *Colton* v. *State,* 4 Tex. 260; *United States* v. *Howard,* 3 Sumner, 12; *State* v. *Considine,* 16 Wash. 358; *Commonwealth* v. *Lampton,* 7 Ky. 261.

It being alleged that the taking was without the consent of the parents, the matter as to who the parents were is a matter of proof and not essential to the description of the offense in the indictment. Where the name of a person other than the defendant is not essential to the description of the offense it need not be alleged. *Commonwealth* v. *Lampton,* 7 Ky. 261; *State* v. *Considine,* 16 Wash. 358; *United States* v. *Howard,* 3 Sumner, 12.

If a motion to quash is general and addressed to the whole indictment it should be overruled if the indictment contains one good count. *Thomas* v. *People,* 113 Ill. 531; *Mayes* v. *People,* 106 id. 306.

The act of May 11, 1901, "to prevent and punish kidnapping for ransom," does not purport to be amendatory,

but was enacted as original and independent legislation and is complete in itself.· It is therefore not within the constitutional requirement as to amendments, although it may, by implication, modify or amend prior acts or parts thereof. *People* v. *Wright,* 70 Ill. 388; *Timm* v. *Harrison,* 109 id. 593; *School Directors* v. *School Directors,* 135 id. 464; *People* v. *Knopf,* 183 id. 410; *Badenoch* v. *Chicago,* 222 id. 71; *People* v. *Loeffler,* 195 id. 585; *Erford* v. *Peoria,* 229 id. 546; *Chambers* v. *People,* 113 id. 509; 26 Am. & Eng. Ency. of Law, 707, 708; 1 Lewis' Sutherland on Stat. Const. sec. 239.

The counts in the indictment, based on the act of May 11, 1901, may be treated as charging the offense of kidnapping Lillian Wulff against her will, without reference to the consent of her parents. It would therefore be unnecessary to allege that it was done against the will of the parents. That part of the allegations may therefore be rejected as surplusage, and the remaining part of the counts would constitute good counts for the offense above mentioned. 10 Ency. of Pl. & Pr. 530.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was indicted by the grand jury of Cook county for kidnapping. The indictment contained eight counts. The first and second counts were based on section 166½ of the Criminal Code, which was enacted in 1889; the seventh and eighth counts on section 166 of the Criminal Code, enacted in 1845; and the third, fourth, fifth and sixth counts on paragraph 166*b* of the Criminal Code, on kidnapping for ransom. Said paragraph is section 1 of the act of May 11, 1901. A general motion to quash the indictment was entered, which was overruled by the court. Plaintiff in error then entered a plea of not guilty. A jury was selected and trial had, and a verdict returned finding plaintiff in error guilty in manner and form as charged in

the indictment and fixing her punishment at imprisonment in the penitentiary for a term of twenty-five years. After overruling motions for a new trial and in arrest of judgment the court entered judgment on the verdict, and this writ of error is sued out to review that judgment.

There is no bill of exceptions in the record, and no question is raised as to the verdict being supported by the evidence or as to the rulings of the court in giving and refusing instructions. The only errors urged here go to the sufficiency of the indictment and the rulings of the court in overruling the motion to quash it and the motion in arrest of judgment.

The sections of the statute upon which this prosecution is based are as follows: Section 166 provides that "whoever willfully and without lawful authority forcibly or secretly confines or imprisons any other person within this State against his will, or forcibly carries or sends such person out of the State, or forcibly seizes or confines, or inveigles, or kidnaps any other person, with the intent to cause such person to be secretly confined or imprisoned in this State against his will, or to cause such person to be sent out of the State against his will, shall be imprisoned in the penitentiary not exceeding five years, or fined not exceeding $1000, or both." The seventh and eighth counts of the indictment were based upon and followed this section of the statute. The verdict of the jury fixing the punishment at twenty-five years' imprisonment was in excess of the punishment provided for by this section, and therefore must be regarded as tantamount to an acquittal thereunder.

Section 166½ provides that "whoever willfully and without authority forcibly takes or carries or entices away any infant under the age of twelve years, without the consent of the parent, guardian or lawful custodian of such child, with intent to conceal or imprison such infant, or whoever willfully and without authority conceals or

imprisons an infant under the age of twelve years, without the consent of the parent or guardian or lawful custodian of such infant, shall, upon conviction, be imprisoned in the penitentiary for his or her natural life, or for any number of years." The first and second counts of the indictment substantially charge the crime alleged to have been committed in the language of this section of the statute. It is urged that the motion to quash should have been allowed as to these counts, and that they are not sufficient, in law, to sustain the judgment. The principal reason urged in support of this contention is that the parents of the child are not named in those counts, but as our decision is to be made upon a consideration of the remaining counts in the indictment it is not necessary that we pass upon the question raised as to these counts. No inference is to be drawn from this of any intimation that these counts are defective. All that is meant is, that as our decision is based on other grounds than the objections urged to those counts we express no opinion whatever upon said counts.

Paragraph 166*b* of the Criminal Code, which is the act of 1901, provides: "That every person who shall willfully, unlawfully and forcibly seize and secretly confine within this State or take, carry or send, or cause to be taken, carried or sent out of this State, any person against his will or against the will of the parent, guardian or legal custodian of such person, for the purpose of extorting ransom or money or other valuable thing or concession from such person, his parent, guardian or legal custodian; and every person who shall inveigle, decoy or kidnap with intent secretly to confine within this State, or take, carry or send, or cause to be taken, carried or sent out of same, any person against his will or against the will of the parent, guardian or legal custodian of such person, for the purpose of extorting ransom or money or other valuable thing or concession from such person, his parent, guardian or legal custodian, shall, upon conviction, suffer death, or be punished

by imprisonment in the penitentiary for life or any term not less than five (5) years." The third count of the indictment charges that plaintiff in error "unlawfully, willfully, feloniously and forcibly did seize and secretly confine within the State of Illinois a certain person, to-wit, one Lillian Wulff, a female child of the age of eight years then and there being, against the will of her, the said Lillian Wulff, and against the will of the parents of the said Lillian Wulff, for the purpose of extorting money from Oscar Wulff and Marie Wulff, the said parents of said Lillian Wulff." The fourth count is the same as the third, except it is alleged that the purpose was to extort ransom instead of money. The fifth count charges that plaintiff in error "unlawfully did inveigle, decoy and kidnap one Lillian Wulff, a female child of the age of eight years then and there being, with intent secretly to confine said Lillian Wulff in the State of Illinois against the will of the said Lillian Wulff and against the will of her parents, for the purpose of extorting money from Oscar Wulff and Marie Wulff, the said parents of the said Lillian Wulff." The sixth count is the same as the fifth, except it is alleged that the purpose was to extort ransom instead of money.

The motion to quash the indictment was general and the court did not err in overruling the motion if either count was good, (*Thomas* v. *People,* 113 Ill. 531,) and one good count will sustain a general verdict of guilty. (*Mayes* v. *People,* 106 Ill. 306.) In *Hiner* v. *People,* 34 Ill. 297, it is said : "No objection is perceived to the first and second counts of the indictment. Even if the third is defective, which we deem unnecessary to determine, the good counts will support the judgment."

It is first contended by plaintiff in error that these four counts are "defective for failure to allege the names of the parents in the allegation of the child being kidnapped without the consent of the parents." The objection is without force. The names of the parents are clearly and sufficiently

stated in these counts, if such statement be necessary, as contended by plaintiff in error. *Noe* v. *People,* 39 Ill. 96; *Hanrahan* v. *People,* 91 id. 142.

It is next contended that the act of 1901, which is paragraph 166*b* of the Criminal Code, (Hurd's Stat. 1908, p. 745,) is unconstitutional. The argument made in support of that contention is, that the act of 1901 is an amendment to previous statutes, and violates section 13 of article 4 of the constitution, which provides that "no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act." This position cannot be sustained. The act of 1901 is an independent act, complete in itself, and does not purport to be, and is not, an amendment of any previous act. We have above set out the acts which plaintiff in error contends were amended by the act of 1901. The offense embraced in section 166 is the unlawful, forcible and secret imprisonment of any person (regardless of age) within this State against his will, or carrying or sending such person out of the State, or inveigling or kidnapping with intent to cause the person to be secretly imprisoned in this State or to be sent out of the State against his will. Section 166½ embraces only the offense of kidnapping children under the age of twelve years without the consent of parent or guardian with intent to conceal or imprison such infant, and to concealing and imprisoning children under twelve years of age without the consent of the parent or guardian. No matter what the purpose may be for committing the acts prohibited by those two sections, a violation of them subjects the offender to the penalties herein provided. The act of 1901, upon which the third, fourth, fifth and sixth counts of the indictment were based, relates solely to cases where the kidnapping was for the purpose of extorting ransom or money or other valuable thing from the person kidnapped, his parent, guardian or legal custodian, regardless of age. The enactment of the

law of 1901 in no way affected any previous act. Sections 166 and 166½ remain just as complete as they were before the 1901 act was passed. The reasons that led to its enactment were matters of general public knowledge at the time. The act of 1901, being complete in itself and in no way an amendment of any other act, is a valid law. *People* v. *Loeffler,* 175 Ill. 585; *School Directors* v. *School Directors,* 135 id. 464.

The judgment is affirmed.          *Judgment affirmed.*