[No. 7872.]

## WILLBURN ET AL. v. THE PEOPLE.

CRIMINAL LAW—*Disturbance of the Peace*—The statute (Mills Rev. § 1881, Rev. Stat. § 1753) distinguishes the disturbance of a neighborhood from the disturbance of a family.

Information for disturbing the peace and quiet of the neighborhood of one M. The evidence showed an altercation at a school house, at some distance from the residence of M. A conviction was vacated.

*Error to Huerfano County Court.*—Hon. HENRY BLICKHAHN, Judge.

Mr. HARVEY STARBUCK, Mr. JOHN L. EAST, Mr. FOSTER CLINE, for plaintiffs in error.

No appearance for The People.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

The plaintiffs in error were charged with disturbing "the peace and quiet of the neighborhood of one T. A. Martinez by loud and unusual noises," etc., under Section 1881 Mills' Stat. (Rev.), and as so charged were convicted. The evidence disclosed that the disturbance took place at the Birmingham School House in Huerfano county. A school election was being held there. O. A. Willburn was one of the judges, and an altercation, of a more or less disturbing character, took place between the plaintiffs in error and Martinez. There is no evidence that this was the neighborhood of Martinez, or that his neighborhood or family were disturbed in the sense of the section above mentioned. His abode was some distance away. All that can be said is that there was a disturbance of the neighborhood of, or in, the Birmingham School House.

In an early case in Illinois, under a statute identical with ours, except that it related to disturbances at night,

it was said that it was the intent of the statute to proect all persons from unlawful annoyances in their abodes.— *Hoe v. People,* 39 Ill. 96. In that case, as in this, the charge was of a disturbance of the neighborhood and family of the prosecuting witness. The Illinois statute uesd the words "any neighborhood or family" the same as ours, and it does not appear that the court distinguished the offense of disturbing a neighborhood from that of disturbing a family, but the indictment coupled the two as one offense and it was so treated. In Missouri, under a similar statute, the court distinguished the one offense from the other.—*State v. Hughes,* 82 Mo. 86.

We think that our statute distinguished the offense of disturbing a neighborhood from that of disturbing a family, so that there might be one without the other, but the charge made here is of one offense, and is a charge of a disturbance that affected the peace and quiet of the abode of T. A. Martinez. The information did not charge a disturbance at a place disconnected from that abode. A disturbance of the peace and quiet of the neighborhood and family of T. A. Martinez, as charged, is plainly a disturbance in, or about, or near the abode of T. A. Martinez, and is another and different offense from a disturbance of the neighborhood of the Birmingham School House. If the evidence showed an offense under the section mentioned, it showed a disturbance at the school house, while the plaintiffs in error were convicted of a disturbance of the abode of Martinez, an entirely different offense, and it is plain from the evidence that if Martinez had been at home and the altercation had taken place at the school house between the plaintiffs in error and some other person, neither Martinez nor his family or abode would have been disturbed.

It is to be deplored that such trivial affairs should drag their weary lengths through so many courts and at length culminate in the reversal of a judgment. There

was enough evidence in this case to have supported a charge and conviction of assault or assault and battery, and if the information would have so charged, or if it had charged a disturbance of the peace and quiet of the neighborhood of the Birmingham School House, no doubt the case would have ended in the lower court, or if brought here could have been affirmed. While the affair was a trivial one, the question for determination now, as presented to this court, is not one of technicalities, but one of substance. It goes to the substantial rights of the plaintiffs in error. They have been charged with one offense and in reality convicted of another. Or, in other words, they were charged with one offense while the evidence proved an entirely different offense and had no relation to the offense charged except in kind. A man cannot be convicted of stealing a watch by proving that he stole a horse, yet they are both personal property in kind, nor can he be convicted of the offense of disturbing the peace and quiet of the neighborhood of T. A. Martinez by proving that the offense committed was a disturbance of a school election miles away, for aught that appears. from the abode and neighborhood of T. A. Martinez.

If the plaintiffs in error had subsequently been charged with disturbing the peace and quiet of the neighborhood of the Birmingham School House, they could not have shown as a defense a former conviction of the offense of disturbing the peace and quiet of the neighborhood and family of T. A. Martinez, and might have been thus tried and convicted twice for what was really only one offense.

The judgment is reversed.

*Judgment reversed.*

Mr. JUSTICE WHITE AND Mr. JUSTICE BAILEY concur.