(No. 30306

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY NELSON, Plaintiff in Error.

*Opinion filed January 22, 1948.*

HENRY NELSON, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and BEN ROBINSON, State's Attorney, of Galesburg, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is a writ of error sued out of this court to review a judgment of the circuit court of Knox County. Plaintiff in error, Henry Nelson, who appears *pro se,* was convicted in 1947 in the circuit court of Knox County of the crime of larceny. He was tried by a jury, found guilty and sentenced to imprisonment in the penitentiary for a term of not less than four nor more than seven years. The cause

is brought here on the common-law record, plaintiff in error contending the second count of the indictment is fatally defective in not sufficiently alleging the time and place of the offense, and that the judgment of the court is not based on the verdict.

The indictment consisted of two counts and related to the same transaction. The first charged plaintiff in error with stealing from the person of Earl Ryan one 32-caliber Colt automatic pistol of the value of $35, and one German Luger automatic pistol of the value of $50. The second count charged larceny of the same property having the same value. At the close of all the evidence, the first count of the indictment, on motion of plaintiff in error, was withdrawn from the jury. The verdict returned found plaintiff in error guilty of larceny in manner and form as charged in the indictment, that the value of the property stolen was $35, and that the defendant was then about the age of 33 years.

It is first contended that count 2 of the indictment is fatally defective as not sufficiently alleging the time or place of the offense. The first count charged the offense was committed "on the 10th day of November in the year of our Lord one thousand nine hundred and forty-six, at and within the county of Knox and State of Illinois." The second count alleged the commission of the offense "on the day and year aforesaid, at and within the county and State aforesaid."

We held in the case of *Noe* v. *People,* 39 Ill. 96, that where a county is named in the first count of an indictment, the second count is not defective if, without repeating the name of such county, it refers to the same merely by use of the term "aforesaid." The use of the term "said" or "aforesaid" in one count to refer to matter mentioned in a former count has long been recognized as sufficient to incorporate in the subsequent count those allegations of the former count to which such reference was made. (*Blitz*

v. *United States,* 153 U.S. 308, 14 S. Ct. 924.) In the *Blitz case* the third count of the indictment charged the defendant with voting more than once "at said election," and it was stated in the opinion that as the only election specifically described in the indictment was one mentioned in the first count as had and held on the 8th day of November, 1892, for representatives in Congress, there could be no doubt that the words "at said election" in the third count referred to the election mentioned in the first count, and therefore such reference was sufficiently full to, in effect, incorporate into the third count the description of the election contained in the first count. The first count in that case was fatally defective and the judgment thereon was arrested, but the court held that this did not vitiate the third count, and the judgment upon that count was sustained. One count may refer to matter in a previous count so as to avoid unnecessary repetition, and if the reference be sufficiently full to incorporate the matter going before with that in the count in which the reference is made, the validity of the latter count is not affected by the fact that the first count was defective or rejected (*Crain* v. *United States,* 162 U.S. 625, 16 S. Ct. 952; *Blitz* v. *United States,* 153 U.S. 308, 14 S. Ct. 924,) or abandoned at the trial or dismissed, or by the fact that the defendant was acquitted or not found guilty thereon, or that a *nolle prosequi* was entered thereto. 42 C.J.S. Indictments and Informations, sec. 154.

Plaintiff in error next contends that the judgment of the court is not based upon the verdict. He argues that, as he is charged in count 2 with the larceny of two pistols, one of the value of $35 and the other of the value of $50, and the jury by their verdict found the value of the property stolen to be $35, it is self-evident that the jury found him guilty of stealing the pistol valued at $35 and acquitted him of stealing the other pistol, and therefore the judgment of the court adjudging him to be guilty of larceny

in manner and form as charged in the indictment is not responsive to the verdict, because, according to plaintiff in error's contention, the jury did not find him guilty in manner and form as charged in the indictment. This argument ignores entirely the fact that the jury by its verdict, in express terms, found the defendant guilty of larceny in manner and form as charged in the indictment. The verdict in its entirety is as follows: "We, the jury, find the defendant, Henry Nelson, guilty of larceny in manner and form as charged in the indictment and we further find from the evidence the value of the property so stolen to be Thirty-five Dollars ($35.00.) And we further find from the evidence that the said defendant, Henry Nelson, is now about the age of 33 years." Where an indictment charges a defendant with larceny, the value of the property stolen is not required to be proved as charged in the indictment. A verdict or finding that the value of the money or property stolen is over $15, without definitely fixing the value, supports a judgment and sentence of imprisonment in the penitentiary. (*People* v. *Taylor,* 391 Ill. 11.) The verdict found the defendant "guilty of larceny in manner and form as charged in the indictment." The court adjudged him to be "guilty of larceny in manner and form as charged in the indictment." In this state of the record, plaintiff in error cannot attack the judgment as not based upon or responsive to the verdict, merely because the jury found the value of the property stolen to be $35 instead of $85, as alleged in the indictment.

No errors appearing in this case which would warrant a reversal, the judgment of the circuit court of Knox County is affirmed.

*Judgment affirmed.*