STATE OF NORTH CAROLINA v. JOHN HENRY RUSSELL

No. 48

(Filed 15 November 1972)

Forgery § 2— indictment for forgery and uttering — description of check — "Same as above" — incorporation by reference permitted

Where, in an indictment for forgery of a check and uttering a forged check, the first count charging forgery set forth the contents of the check with exactitude, reference to the check in the uttering count "Same as above" was sufficient to conform with the requirements of G.S. 15-153 in that it identified the offense charged, enabled defendant to prepare for trial, protected him from double jeopardy, and allowed the court to pronounce sentence upon conviction.

APPEAL by defendant pursuant to G.S. 7A-30(2) from decision of the North Carolina Court of Appeals (15 N.C. App.

State v. Russell

594, 190 S.E. 2d 414 (1972)) finding no error in defendant's conviction on two counts of uttering a forged check, before *Johnson, J.,* at the 14 February 1972 Criminal Session of ROWAN Superior Court.

Defendant was tried on two bills of indictment. Each indictment charged defendant with forgery and the uttering of a forged check. One check was for $28.34 and the other $28.43, both drawn on Daniel Construction Co., Inc. In each bill of indictment the check was copied in exact detail in the forgery count. The count for uttering in each bill referred to the check uttered as "same as above."

The State's evidence tends to show: In August 1971 the office of Daniel Construction Co., Inc., in Spencer, North Carolina, was broken into and some blank payroll check forms and a check-writing machine were stolen. On 22 September 1971 defendant presented a check drawn on the Daniel Construction Co., Inc., written on one of the stolen forms, to the What-a-Burger Number One, and the check was cashed by the manager of that business. In September 1971 defendant also presented a check drawn on the Daniel Construction Co., Inc., on one of the stolen forms, to Mrs. Ruby Smith, associated with Smith's Produce, who cashed it. Both of these checks bore the forged signature of Ard T. Robertson, purporting to be an officer of Daniel Construction Co., Inc.

Defendant pleaded not guilty. The jury returned verdicts of not guilty on the forgery counts and verdicts of guilty on the uttering counts.

From sentence imposed defendant appealed to the Court of Appeals. That court in an opinion by Judge Campbell, concurred in by Judge Britt, found no error. Chief Judge Mallard dissented.

*Attorney General Robert Morgan and Staff Attorney Donald A. Davis for the State.*

*Burke & Donaldson by George L. Burke, Jr., for defendant appellant.*

MOORE, Justice.

In the Court of Appeals defendant admitted that he could find no error in the record of the trial, but requested that the

verdicts and sentence imposed be set aside and a new trial granted.

The record contains no exception or assignment of error; however, defendant's appeal presents the question whether error appears on the face of the record proper. *State v. Ford,* 281 N.C. 62, 187 S.E. 2d 741 (1972) ; *State v. Roberts,* 279 N.C. 500, 183 S.E. 2d 647 (1971). "Ordinarily, in criminal cases the record proper consists of (1) the organization of the court, (2) the charge (information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment." *State v. Tinsley,* 279 N.C. 482, 183 S.E. 2d 669 (1971).

The Court of Appeals examined the record proper and found no error. Chief Judge Mallard dissented on the grounds that in an indictment containing several counts each count should be complete within itself, and that the indictments in this case are not sufficient to charge the offense of uttering a particular forged check.

There is substantial and competent evidence in the record indicating that defendant uttered and published the forged checks in question by offering them to the What-a-Burger and to Smith's Produce with knowledge of the falsity of the checks with the intent to defraud, and that he procured by means of these forged checks a total of $56.77 in merchandise and cash. This evidence was ample to support the verdicts and the judgment in this case. The sentence was within the statutory limits set forth in G.S. 14-120. The only question for decision involves the validity of the second count in each bill of indictment.

One bill of indictment is as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That John Henry Russell late of the County of Rowan on the 22nd day of September 1971 at and in the County aforesaid, unlawfully and feloniously, of his own head and imagination, did wittingly and falsely make, forge and counterfeit, and did wittingly assent to the falsely making, forging and counterfeiting a certain bank check which said forged bank check is as follows, that is to say:

Daniel Construction Co., Inc.                    1396
Duke Construction                                66-92
P. O. Box 146                                    531
Spencer, North Carolina 28159

                       Date    September 22, 1971

Pay to the
  order of          Jerry F. Allen                $28.43

      The sum of $28 and 43 cts.              Dollars
Wachovia Bank and Trust
     Company, N.A.
Salisbury, North Carolina 28144

C1-1                        Daniel Construction Co., Inc.
JBR 10-23-71 CNB            Ard T. Robertson
36-E-2-90   0531   0092      7 050 082     0000002843

711108058 Q2 LF FBI Laboratory
Endorsed on back as follows:  Jerry F. Allen
                            W - A - B

with intent to defraud, against the form and statute in such case made and provided, and against the peace and dignity of the State.

"AND THE JURORS AFORESAID, UPON THEIR OATH AFORESAID, DO FURTHER PRESENT, That the said John Henry Russell afterward, to wit, on the day and year aforesaid, at and in the County aforesaid, wittingly and unlawfully and feloniously did utter and publish as true a certain false, forged and counterfeited bank check is as follows, that is to say: Same as above—with intent to defraud he, the said John Henry Russell at the time he so uttered and published the said false, forged and counterfeited bank check then and there well knowing the same to be false, forged and counterfeited against the form of the statute in such case made and provided, and against the peace and dignity of the State."

The other bill of indictment is practically identical except for the amount and number of the check.

The purpose of an indictment "is (1) to give the defendant notice of the charge against him to the end that he may prepare his defense and to be in a position to plead former acquittal or

former conviction in the event he is again brought to trial for the same offense; (2) to enable the court to know what judgment to pronounce in case of conviction." *State v. Burton*, 243 N.C. 277, 90 S.E. 2d 390 (1955); *State v. Greer*, 238 N.C. 325, 77 S.E. 2d 917 (1953); *State v. Dorsett* and *State v. Yow*, 272 N.C. 227, 158 S.E. 2d 15 (1967).

G.S. 15-153 was enacted many years ago to simplify forms of indictment. (Chapter VI, 1811 Laws of North Carolina.) This statute provides that every criminal indictment is sufficient in form for all intents and purposes if it expresses the charge in a plain, intelligible, and explicit manner, and that an indictment shall not be quashed by reason of any informality or refinement if in the bill sufficient matters appear to enable the court to proceed to judgment.

In *State v. Whitley*, 208 N.C. 661, 182 S.E. 338 (1935), the defendant was convicted on the first count in a bill of indictment charging larceny and on the second count of receiving stolen goods knowing them to have been stolen. Chief Justice Stacy stated:

"The next position taken by the defendants is, that the second count in the bill of indictment is fatally defective, in that the names of the defendants are not repeated in charging the *scienter*. *S. v. McCollum*, 181 N.C. 584, 107 S.E. 309; *S. v. May*, 132 N.C. 1020, 43 S.E. 819; *S. v. Phelps*, 65 N.C. 450. This is a refinement which the act of 1811, now C.S. 4623 [now G.S. 15-153], sought to remedy. *S. v. Parker*, 81 N.C. 531. It provides against quashal for informality if the charge be plain, intelligible, and explicit, and sufficient matter appear in the bill to enable the court to proceed to judgment. *S. v. Beal*, 199 N.C. 278, 154 S.E. 604. The exception is too attenuate. *S. v. Lemons*, 182 N.C. 828, 109 S.E. 27; *S. v. Francis*, 157 N.C. 612, 72 S.E. 1041.

"Speaking to the subject in *S. v. Shade*, 115 N.C. 757, 20 S.E. 537, Avery, J., delivering the opinion of the Court, said: 'The trend of judicial decision and the tendency of legislation is towards the practical view that objections founded upon mere matter of form should not be considered by the courts unless there is reason to believe that a defendant has been misled by the form of the charge, or was not apprised by its terms of the nature of

the offense which he was held to answer. Where the defendant thinks that an indictment . . . fails to impart information sufficiently specific as to the nature of the charge, he may before trial move the court to order that a bill of particulars be filed, and the court will not arrest the judgment after verdict where he attempts to reserve his fire until he takes first the chance of acquittal. *S. v. Brady*, 107 N.C. 826.' "

G.S. 15-153 has received a very liberal construction, *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897 (1970); *State v. Carpenter*, 173 N.C. 767, 92 S.E. 373 (1917), and the quashing of indictments is not favored, *State v. Abernathy*, 265 N.C. 724, 145 S.E. 2d 2 (1965); *State v. Flowers*, 109 N.C. 841, 13 S.E. 718 (1891). However, this does not mean that an indictment may withstand such motion when an indispensable allegation of the charge is omitted. *State v. McBane*, 276 N.C. 60, 170 S.E. 2d 913 (1969); *State v. Scott*, 241 N.C. 178, 84 S.E. 2d 654 (1954).

In the present case, is the reference in the second count to the first count, wherein the check was fully described, sufficient to incorporate by reference essential information necessary to sustain the second count?

This exact question apparently has not been decided by this Court. However, in *State v. McKoy*, 265 N.C. 380, 144 S.E. 2d 46 (1965), it is said:

"The second (larceny) count in the bill of indictment 'is fatally defective. While it alleges the larceny of '$60.00 in money,' it fails to designate in any manner the owner thereof or the person in possession thereof at the time of the alleged unlawful taking. The space in the printed form for the name of the owner is blank. *Moreover, the second (larceny) count contains no reference to the first (breaking and entering) count.* In an indictment containing several counts, each count should be complete in itself." (Emphasis ours.)

By implication this would seem to indicate that had there been a reference in the second count to the first count, the decision might have been otherwise.

In the absence of definitive authority in this jurisdiction, it is helpful to look to decisions in other jurisdictions. *Darden*

*v. State,* 29 Ga. App. 548, 116 S.E. 41 (1923), involved an indictment which contained counts of forgery and uttering a forged check. The first count charging forgery described the check in detail. The second count charging uttering a forged check stated in pertinent part:

> " '. . . did then and there unlawfully, falsely and fraudulently utter and publish as true the *above-described false and fraudulent, forged and altered paper. . . .*' "

The Court specifically approved the incorporation by reference in the second count.

In *Lee v. State,* 81 Ga. App. 829, 60 S.E. 2d 177 (1950), the Court said:

> ". . . It is also fundamental that where an indictment is in more than one count, each count must be complete within itself and plainly, fully and distinctly set out the crime alleged, although express reference from one count to another is allowable. . . ."

*Accord, Pope v. State,* 42 Ga. App. 680, 157 S.E. 211 (1931).

Cases from other jurisdictions not only approve the practice of incorporation by reference between counts in an indictment but indicate that this practice is a well-accepted rule of criminal procedure.

*Martinez v. People,* 163 Colo. 503, 431 P. 2d 765 (1967), states:

> ". . . There are many cases, however, which follow the time honored and basic rule that one count in an information may by proper reference incorporate, without repeating, the allegations more fully set forth in another count. . . ."

The Supreme Court of Illinois in *People v. Nelson,* 399 Ill. 132, 77 N.E. 2d 171 (1948), stated:

> ". . . The use of the term 'said' or 'aforesaid' in one count to refer to matter mentioned in a former count has long been recognized as sufficient to incorporate in the subsequent count those allegations of the former count to which such reference is made. . . ."

See also, *People v. Berndt,* 101 Ill. App. 2d 29, 242 N.E. 2d 273 (1968).

State v. Russell

The Supreme Court of Maryland in *Beard v. State,* 216 Md. 302, 140 A. 2d 672 (1958), referred to the rule permitting incorporation by reference as "well-established." See, *Imbraguglia v. State,* 184 Md. 174, 40 A. 2d 329 (1944) ; *Cohen v. State,* 173 Md. 216, 195 A. 532 (1937).

In the Federal courts incorporation by reference is recognized by statute. Rule 7 of the Federal Rules of Criminal Procedure entitled "The Indictment and the Information" provides in pertinent part as follows:

> "(c) *Nature and Contents.* The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . . Allegations made in one count may be incorporated by reference in another count. . . ."

For an application of this statute, see *United States v. Shavin,* 287 F. 2d 647 (7th Cir. 1961). However, incorporation by reference in criminal indictments existed in the Federal courts long before the adoption of Rule 7(c). Orfield, Criminal Procedure Under the Federal Rules § 7:57 (1966). In its supervision of the Federal court system the United States Supreme Court approved incorporation by reference as early as 1893. *Burroughs v. United States,* 290 U.S. 534, 78 L.Ed. 484, 54 S.Ct. 287 (1934) ; *Crain v. United States,* 162 U.S. 625, 40 L.Ed. 1097, 16 S.Ct. 952 (1895) ; *Blitz v. United States,* 153 U.S. 308, 38 L.Ed. 725, 14 S.Ct. 924 (1893).

41 Am. Jur. 2d, Indictments and Informations § 75 (1968), states the rule as follows:

> ". . . It is a well-settled rule that one count in an indictment or information may, by proper reference to another count in the accusation, incorporate the latter by such reference, to avoid unnecessary repetition. . . ."

See also 42 C.J.S., Indictments and Informations § 154 (1944).

Defendant in the present case knew that he was being tried for uttering the checks described in the first counts of the bills of indictment. He knew that these were the same checks on which he had obtained cash and merchandise in the amount of $56.77, and he also knew that these were the same checks which had been forged on blanks stolen from Daniel Construction Co., Inc. Defendant was fully advised as to the charges

against him even though the second count was not as specific as it might have been. We do not encourage or approve carelessness in drafting bills of indictment; on the other hand we do not favor the practice of quashing an indictment or arresting a judgment for informalities which could not possibly have been prejudicial to the rights of defendant in the trial court.

Today criminal appeals are taken on the slightest pretext, often without justification and at public expense. Prosecutors should be extremely careful in drafting bills of indictment to avoid possibilities of error. The admonition given by Justice Clark (later Chief Justice) is even more pertinent today than when given some seventy-five years ago:

> "We do not, however, approve of the departure here made from the customary form of words used for charging this offense, though we hold that it does not vitiate the bill. It is passing strange that any prosecuting officer should by negligence or inadvertence depart, especially in so important a case, from the forms so long used, and run the risk of a grave miscarriage of justice and the throwing a heavy bill of cost upon the public by such carelessness. The accustomed and approved forms are accessible and should be followed by solicitors, till (as with murder, perjury and in some other instances) they are modified and simplified by statute. The Code, section 1183 [now G.S. 15-153], was enacted to prevent miscarriage of justice, but not to encourage prosecuting officers to try experiments with new forms, or to excuse them from the duty of ascertaining and following those which have been approved by long use or by statute. The object of the statute in disregarding refinements and informalities is to secure trials upon the merits, and solicitors will best serve that end by observing approved forms so as not to raise unnecessary questions as to what are refinements and informalities and what are indispensable allegations." *State v. Barnes*, 122 N.C. 1031, 1037-38, 29 S.E. 381, 383 (1898).

In the instant case a count for forgery and a count for uttering were contained in each bill of indictment. The description of the check contained in the first count, which was exact, was an integral part of each indictment. The second count expressly referred to that description. Unquestionably, it would have been preferable for the second count in each bill to have

again set out in detail the particular check involved or to have made the reference to the first count more detailed and specific. However, we believe the reference in the second count is sufficient to identify the offense charged, to enable defendant to prepare for trial, to protect him from double jeopardy, and to allow the court to pronounce sentence upon conviction. This meets the requirements of the statute. *State v. Burton, supra.*

For the reasons stated the decision of the Court of Appeals is affirmed.

Affirmed.