STATE OF NORTH CAROLINA v. HOWARD McLAURIN

No. 7716SC138

(Filed 6 July 1977)

Homicide §§ 24.2, 28— absence of malice — self-defense — burden of proof on defendant — instruction prejudicial

> In a prosecution for second degree murder where defendant contended that he acted in self-defense, the trial court's instructions placing the burden on defendant (1) to show circumstances that would reduce the offense from second-degree murder to manslaughter and (2) to justify the killing on ground of self-defense were erroneous in view of *Mullaney v. Wilbur,* 421 U.S. 684, and were prejudicial to defendant.

ON *writ of certiorari* to review judgment entered 21 March 1975 by *McKinnon, Judge,* in Superior Court, SCOTLAND County. Heard in the Court of Appeals 7 June 1977.

In a bill of indictment proper in form defendant was charged with the murder of Paul E. McIntosh. He was placed on

trial for second-degree murder and pled not guilty. Evidence presented by the State tended to show:

Defendant and McIntosh were in business together, operating a clothing store.in Laurinburg and one in Fayetteville. On the night of 30 March 1974 defendant was in the Laurinburg store and McIntosh came in. They got into an argument and cursed and scuffled with each other. Defendant produced a pistol and shot McIntosh, who was unarmed, inflicting head injuries resulting in his death.

Defendant's evidence tended to show: Previous to the night in question McIntosh had given defendant a pistol for protection in case of robbery. He and McIntosh had had disagreements about finances. On that night McIntosh came to the store and attacked defendant without provocation. Defendant had his back to the wall and could escape only by going past McIntosh. He shot McIntosh out of fear "because I thought he was going to kill me." Defendant surrendered immediately to police and told them that he was defending himself at the time of the shooting.

The jury returned a verdict of guilty of voluntary manslaughter, and from judgment imposing a prison sentence of not less than five nor more than ten years, defendant gave notice of appeal.

On 6 May 1975 this court allowed defendant's petition for a writ of certiorari to perfect a late appeal. On 7 December 1976 we amended the writ to extend the time for filing the record on appeal and briefs.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Arthur L. Lane, by Paul B. Eaglin, for defendant appellant.*

BRITT, Judge.

Defendant contends he is entitled to a new trial for the reason that certain instructions given by the trial court to the jury violated the rule established by the United States Supreme Court in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 508 (1975), and followed by the North Carolina Supreme Court in *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575 (1975). We hold that the contention has merit.

In the case at hand defendant admitted shooting and killing McIntosh but insisted that he did it in self-defense. In his instructions to the jury with respect to the difference between second-degree murder and manslaughter, the trial judge charged that if the jury was satisfied beyond a reasonable doubt that defendant intentionally shot the deceased and thereby proximately caused his death, the burden would rest upon defendant to satisfy the jury of circumstances of adequate provocation which would reduce the killing to manslaughter, "unless the evidence arises out of the State's evidence, evidence of such provocation."

On the question of self-defense, the jury charge included the following:

" . . . The defendant contends that he acted in self defense and if you find beyond a reasonable doubt that the defendant intentionally killed the deceased—or intentionally shot him and thereby proximately caused his death, then for you to find that such killing was in self defense and therefore excusable and not unlawful and (sic) *the defendant must satisfy you,* not beyond a reasonable doubt or by the greater weight of the evidence, but simply must satisfy you of three things: first, that he, himself, was not the aggressor. (Emphasis added.)

\* \* \*

"Secondly, you must be satisfied that the circumstances as they appeared to the defendant at the time were such as to create in the mind of a person of ordinary firmness a reasonable belief that the shooting of the deceased was necessary in order to save himself from death or great bodily harm, and circumstances did create such a belief in the defendant's mind.

\* \* \*

"Thirdly, *the defendant must satisfy you* or you must be satisfied from all the evidence that he did not use excessive force in defending himself; that is, more force than under the circumstances reasonably appeared to be necessary to save himself from death or great bodily harm. . . . " (Emphasis added.)

Clearly, the instructions placing the burden on defendant (1) to show circumstances that would reduce the offense from

second-degree murder to manslaughter and (2) to justify the killing on ground of self-defense were erroneous in view of *Mullaney* and *Hankerson*. We hasten to add, however, that the trial of the instant case took place in March of 1975, previous to the *Mullaney* and *Hankerson* decisions, and the able trial judge gave the substance of instructions that had been approved by the Supreme Court of this State for more than one hundred years.

In *Hankerson* our Supreme Court declared no longer valid instructions similar to those challenged in the instant case. We quote from the Hankerson opinion (page 643) : "We hold that by reason of the decision in *Mullaney* the Due Process Clause of the Fourteenth Amendment prohibits the use of our long-standing rules in homicide cases that a defendant in order to rebut the presumption of malice must prove to the satisfaction of the jury that he killed in the heat of a sudden passion and to rebut the presumption of unlawfulness, that he killed in self-defense. . . . "

We now reach the question whether the erroneous instructions were prejudicial to defendant. The burden is on a defendant not only to show error but also to show that the error was prejudicial to him. 4 Strong, N. C. Index 3d, § 167.

Since the jury, in effect, found defendant not guilty of second-degree murder but found him guilty of manslaughter, we perceive no prejudice in the challenged instructions placing the burden on him to show circumstances that would reduce the charges against him from second-degree murder to manslaughter. However, defendant's plea of self-defense applied to manslaughter as well as to second-degree murder, therefore, we perceive that the erroneous instructions placing on him the burden of showing self-defense were prejudicial.

In *State v. Hankerson, supra,* without further guidance from the U. S. Supreme Court our State Supreme Court declined to give the Mullaney decision retroactive effect. Thereafter the U. S. Supreme Court allowed certiorari in *Hankerson* and in an opinion filed 17 June 1977 held that our State Supreme Court erred in declining to hold the Mullaney rule retroactive. Of course, we are bound by that opinion. Consequently, we hold that defendant in the case at hand is entitled to a new trial and it is so ordered.

New trial.

Judges VAUGHN and ARNOLD concur.