STATE OF NORTH CAROLINA v. ALLIE BRYAN ALDRIDGE, III

No. 848SC1213

(Filed 17 September 1985)

1. **Criminal Law § 138.2; Constitutional Law § 79— recidivist sentence—30 years —not cruel and unusual punishment**

    The imposition of a 30-year sentence for a habitual felon who could have received a maximum sentence of life imprisonment under G.S. 14-1.1 was within constitutional limits and did not constitute cruel and unusual punishment. G.S. 14-7.6, Eighth Amendment to the U. S. Constitution.

2. **Criminal Law § 138— aggravating factor—attempted taking of property of great monetary value**

    The trial judge did not err in resentencing defendant for possession of stolen goods by marking on the revised Felony Judgment Sentencing Factors Form aggravating factor number twenty-one, that the offense involved an attempted taking of property of great monetary value, where the original form had listed one aggravating factor for attempted or actual taking of property of great monetary value. The gist of G.S. 15A-1340.4(a)(1)(m) is the value of property and not whether there was a taking or attempted taking of property. G.S. 14-72(c).

APPEAL by defendant from *Barefoot, Judge*. Judgment entered 23 September 1982 in Superior Court, WAYNE County. Heard in the Court of Appeals 28 August 1985.

This is a criminal action in which the defendant in a bifurcated trial was convicted of possession of stolen goods in violation of G.S. 14-71.1 and being a habitual felon in violation of G.S.

14-7.1. The trial court sentenced the defendant to a term of 40 years. On appeal this court in *State v. Aldridge*, 67 N.C. App. 655, 314 S.E. 2d 139 (1984), upheld the conviction but remanded the case for re-sentencing.

At the original sentencing hearing the trial court found as aggravating factors (1) that the offense was committed for hire or pecuniary gain, (2) that the offense involved property of great monetary value or caused great monetary loss, and (3) that the defendant had a prior conviction or convictions. The trial court found no mitigating factors. On appeal this court held that the trial court erred in finding as an aggravating factor that the defendant committed the offense for hire or pecuniary gain but found no error as to the two remaining aggravating factors. *State v. Aldridge, supra.*

At re-sentencing on 17 September 1984, Judge Barefoot found the same two aggravating factors found earlier, i.e., (1) that the offense involved an attempted taking of property of great monetary value and (2) that the defendant had a prior conviction or convictions. Defendant received a 30 year sentence.

Defendant appealed.

*Attorney General Thornburg, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Barnes, Braswell and Haithcock, by Tom Barwick, for defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first assigns as error the thirty year sentence. The defendant objects to the sentence as being cruel and unusual punishment in violation of the North Carolina and United States Constitutions. We disagree.

We note at the outset that the defendant correctly concedes that a sentence which does not exceed the maximum prescribed by statute does not constitute cruel and unusual punishment, that a habitual felon may be sentenced as a Class C felon under G.S. 14-7.6 and 14-1.1 to as much as life imprisonment, that a 30 year sentence is not in excess of the statutory maximum allowed under

G.S. 14-7.6 and 14-1.1, and that this State's recidivist statute is constitutional.

Defendant contends that his sentence should be set aside because the punishment he received was disproportionate to the offense of which he was convicted, possession of stolen property. The primary purpose of a recidivist statute is

> to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation *and its duration* are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. [Emphasis added.]

*Rummel v. Estelle*, 445 U.S. 263, 284, 63 L.Ed. 2d 382, 397, 100 S.Ct. 1133, 1144-45 (1980). Defendant has prior convictions of (1) felonious breaking and entering and felonious larceny, (2) felonious possession of a firearm by a felon, and (3) felonious breaking and entering. Clearly, this past criminal conduct brings the defendant within the statute's primary purpose as stated in *Rummel*. Further, in sentencing a habitual felon, the duration of the sentence is not based on the defendant's most recent offense but on his past criminal conduct as well.

It is not our role as an appellate court to substitute our judgment for that of the sentencing judge as to the appropriate length of the sentence. "Only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." *State v. Ysaguire*, 309 N.C. 780, 786, 309 S.E. 2d 436, 441 (1983).

We hold that imposition of a thirty year sentence for a habitual felon who under these facts could have received a maximum sentence of life imprisonment under G.S. 14-1.1 is within constitutional limits and does not constitute cruel and unusual punishment.

## II

Defendant's next two assignments of error deal with the sentencing judge's finding of the remaining two aggravating factors. We find no error. In *State v. Aldridge, supra*, this court found no error as to the remaining two aggravating factors found by the sentencing judge. Therefore, our earlier opinion forecloses consideration of defendant's second and third assignments of error, except to note one procedural change since our opinion in *State v. Aldridge, supra*, filed 17 April 1984.

[2] Defendant contends that it was error for the sentencing judge in using the revised Administrative Office of the Courts' form to find that the offense involved "an attempted taking of property of great monetary value" because the defendant was convicted only of possession of stolen goods under G.S. 14-72(c). This aggravating factor originates from G.S. 15A-1340.4(a)(1)(m) which provides: "The offense involved an attempted or actual taking of property of great monetary value or damage causing great monetary loss, or the offense involved an unusually large quantity of contraband." In the original Felony Judgment Sentencing Factors Form, promulgated by the Administrative Office of the Courts, the sentencing judge found as an aggravating factor number thirteen (13) listed on the form and set out in the verbatim language of G.S. 15A-1340.4(a)(1)(m). We found no error with this factor in *State v. Aldridge, supra*.

In October 1983 the Felony Judgment Sentencing Factors Form (form #AOC-CR-303) was revised and aggravating factor number thirteen (13) was changed as a result of the October revision. Factor number thirteen (13) was divided into four separate factors on the revised form as follows:

21. The offense involved an attempted taking of property of great monetary value.

22. The offense involved the actual taking of property of great monetary value.

23. The offense involved damage causing great monetary loss.

24. The offense involved an unusually large quantity of contraband.

At re-sentencing, the sentencing judge, using the revised form, marked the form in the place indicating that the offense involved an attempted taking of property of great monetary value, aggravating factor number 21.

The gist of G.S. 15A-1340.4(a)(1)(m) is the value of the property and not whether there was a taking or attempted taking of property. The aspect of the designated aggravating factor which permits enhancing the punishment is the great value of the personal property in possession of the defendant. As we held in *State v. Aldridge, supra,* we find no error with the finding by the trial court that the offense involved property of great monetary value. Accordingly, we find no error in the sentencing judge's marking aggravating factor number 21, that the offense involved an attempted taking of property of great monetary value.

Affirmed.

Judges JOHNSON and PARKER concur.