STATE OF NORTH CAROLINA v. WILLIAM MICHAEL HODGE, DEFENDANT

No. 9210SC1286

(Filed 2 November 1993)

1. **Narcotics, Controlled Substances, and Paraphernalia § 155 (NCI4th) — felonious possession of cocaine — sufficiency of evidence of constructive possession**

    Evidence was sufficient to support an inference of defendant's constructive possession of cocaine and therefore to support his conviction for felonious possession of cocaine where it tended to show that defendant was observed entering a pickup truck occupied by two other individuals after leaving the residence of a known drug dealer; an officer stopped the vehicle and observed drug paraphernalia protruding from defendant's shirt pocket; defendant stated that he intended to get high; and when defendant exited the vehicle an officer observed cocaine where defendant had been seated.

    **Am Jur 2d, Drugs, Narcotics and Poisons § 47.**

2. **Criminal Law § 1284 (NCI4th) — prosecution for cocaine possession and habitual felon — separate indictments — no error**

    There was no merit to defendant's contention that the habitual felon statute, N.C.G.S. § 14-7.3, required that the indictment charging him with the underlying felony must also charge that he was an habitual felon and that he could not be charged in a separate indictment with being an habitual felon.

    **Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.**

STATE v. HODGE

[112 N.C. App. 462 (1993)]

**3. Criminal Law § 1283 (NCI4th) — habitual felon indictment — name of state omitted — indictment not fatally flawed**

An habitual felon indictment was not fatally flawed because it did not state specifically the name of the state or other sovereign against whom two of the previous felonies were committed, since the indictment alleged that one felony was committed in "Wake County, North Carolina" and two other felonies were committed in "Wake County"; the description of defendant's three prior felony convictions was contained in the same sentence, separated only by semi-colons; the use of "Wake County" to describe the sovereignty against which the felonies were committed was clearly a reference to Wake County, North Carolina; and defendant was not prevented from preparing an adequate defense because the indictment did not include the words "North Carolina."

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.**

**4. Criminal Law § 1281 (NCI4th) — habitual felon — no denial of equal protection or due process**

Defendant's prosecution as an habitual felon neither denied him due process or equal protection of the law nor subjected him to double jeopardy, nor was his fourteen-year minimum sentence excessive.

**Am Jur 2d, Habitual and Subsequent Offenders §§ 2, 5.**

**5. Criminal Law § 1281 (NCI4th) — habitual felon statute — principal felony different from underlying felonies — statute constitutionally applied**

The habitual felon statute is not unconstitutional as applied to defendant because it authorized enhanced sentencing where the principal felony differed from the felonies which established him as an habitual felon.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 2, 3, 5.**

**6. Criminal Law § 1283 (NCI4th) — habitual felon — file in another case with similar name — same defendant — evidence admissible**

Where defendant was charged with being an habitual felon, the trial court did not err in admitting the original file in another case in the name of "Michael Hodge," since, for the

purposes of N.C.G.S. § 14-7.4, "Michael Hodge" and defendant "William Michael Hodge" were the same name, and the documents at issue constituted *prima facie* evidence that defendant named in the file was the same as defendant before the court.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 2, 5, 26.**

Appeal by defendant from judgment entered 2 September 1992 by Judge F. Gordon Battle in Wake County Superior Court. Heard in the Court of Appeals 28 September 1993.

Defendant was charged in a proper bill of indictment in case No. 91 CRS 85692 with felonious possession of cocaine and, in a separate bill of indictment in case No. 92 CRS 6647, with being an habitual felon under G.S. § 14-7.1. His motion to dismiss the habitual felon indictment was denied. The State's evidence in case No. 91 CRS 85692 tended to show that on 22 November 1991 the Wake County Sheriff's Department was conducting a surveillance of the home of a known drug dealer in Zebulon, North Carolina. Detective Stone observed defendant leave the residence and enter the passenger side of a pickup truck. The vehicle was driven by another male and a female passenger occupied the center of the passenger seat. After following the vehicle away from the residence, Detective Stone stopped the vehicle and asked the driver for his license and registration. At that time, Detective Stone observed a piece of drug paraphernalia protruding from defendant's shirt pocket. Defendant told the detective that he intended to get "high."

After defendant exited the truck, Detective Stone observed a small quantity of crack cocaine on the truck seat where defendant had been seated. Detective Stone thereafter arrested defendant. While en route to the magistrate's office, defendant told Stone that he was a drug user, not a drug seller, and that he had purchased the crack cocaine so that he could go home and get high. Defendant later said that the cocaine was not his, but that the driver of the vehicle had put the cocaine beneath defendant when the officer stopped the vehicle. Defendant did not present any evidence and the jury returned a verdict of guilty.

The trial court then conducted a proceeding pursuant to G.S. § 14-7.5 to determine defendant's status as an habitual felon. The State's evidence tended to show that defendant had previously

been convicted of felony common law robbery and two counts of felonious breaking and entering. Defendant presented no evidence and the jury returned a verdict finding defendant to be an habitual felon. Judgment was entered sentencing defendant to imprisonment for a term of 14 years. Defendant appealed.

*Attorney General Michael F. Easley, by Assistant Attorney General Jeffrey P. Gray, for the State.*

*John T. Hall for defendant-appellant.*

MARTIN, Judge.

Defendant assigns as error the trial court's denial of his motion to dismiss the charge of felonious possession of cocaine in case No. 91 CRS 85692. In addition, defendant makes numerous assignments of error relating to the verdict finding defendant to be an habitual felon. For the reasons set forth herein, we conclude that defendant received a fair trial, free from prejudicial error.

[1] Defendant first assigns error to the trial court's denial of his motion to dismiss the charge of felonious possession of cocaine in case No. 91 CRS 85692. In ruling upon a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences which may be drawn from the evidence. *State v. Sanders*, 95 N.C. App. 494, 504, 383 S.E.2d 409, 415, *disc. review denied*, 325 N.C. 712, 388 S.E.2d 470 (1989). The court must determine whether there is substantial evidence of each essential element of the crime charged, and if so, the motion must be denied and the case submitted to the jury. *State v. Styles*, 93 N.C. App. 596, 602, 379 S.E.2d 255, 260 (1989). " 'Substantial evidence' is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981).

Constructive possession of a controlled substance applies where the defendant "has both the power and intent to control its disposition or use." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). When the substance is found on the premises under the exclusive control of the defendant, this fact alone may support an inference of constructive possession. *State v. Givens*, 95 N.C. App. 72, 76, 381 S.E.2d 869, 871 (1989). If the defendant's possession over the premises is nonexclusive, constructive

possession may not be inferred without other incriminating circumstances. *Id.*

The State's evidence showed that defendant was observed entering a pickup truck occupied by two other individuals after leaving the residence of a known drug dealer. When Detective Stone stopped the vehicle he observed drug paraphernalia protruding from defendant's shirt pocket. When asked what the paraphernalia was used for, defendant responded that he was going home to get "high." Defendant was then asked to exit the vehicle, whereupon Detective Stone observed a small amount of cocaine on the pickup truck seat where defendant had been seated. Defendant later stated to Detective Stone that he used, but did not sell cocaine and that he bought the cocaine so that he could go home and get "high." Although defendant later stated that the cocaine did not belong to him and that it had been placed underneath him by the vehicle's driver, this contradiction is to be resolved in favor of the State for purposes of the motion. *State v. Moose,* 310 N.C. 482, 313 S.E.2d 507 (1984).

This evidence, taken in the light most favorable to the State, tends to show that the cocaine was found in a place not within defendant's exclusive possession. However, defendant's possession of cocaine paraphernalia, the location of the substance beneath defendant's body, and his statements that he bought the cocaine so that he could get high are substantial incriminating circumstances from which defendant's constructive possession of the cocaine could be inferred. *State v. McLaurin,* 320 N.C. 143, 357 S.E.2d 636 (1987). This assignment of error is overruled.

[2] Defendant assigns error to the denial of his motion to dismiss the habitual felon indictment on the ground that the indictment failed to comply with G.S. § 14-7.3. Defendant first contends that the statute requires that the indictment charging defendant with the underlying felony must also charge that defendant is an habitual felon; in this case he was charged in one bill of indictment with felonious possession of cocaine, and in a separate bill of indictment with being an habitual felon. Defendant argues that this alleged noncompliance with G.S. § 14-7.3 renders the indictments invalid. We disagree.

Our Supreme Court has previously resolved this issue against defendant in *State v. Todd,* 313 N.C. 110, 326 S.E.2d 249 (1985)

and *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977). In *Allen*, the Court stated:

> Properly construed this act clearly contemplates that when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may then be also indicted *in a separate bill* as being an habitual felon. (Emphasis added.)

*State v. Allen*, 292 N.C. at 433, 233 S.E.2d at 587. Based on *Todd* and *Allen*, we reject defendant's argument.

[3] Defendant also contends that the habitual felon indictment was fatally flawed because it did not contain the requisite allegations under G.S. § 14-7.3, which provides that indictments charging a person with being an habitual felon must set forth the name of the state or other sovereign against whom the previous felonies were committed. Defendant argues that the indictment is invalid because in two instances, it refers only to "Wake County" without naming any state. We disagree.

"The purpose of an indictment is: (1) to give the defendant notice of the charge against him to the end that he may prepare his defense . . . ; and (2) to enable the court to know what judgment to pronounce in case of conviction." *State v. Russell*, 282 N.C. 240, 243-44, 192 S.E.2d 294, 296 (1972). The habitual felon indictment in the present case alleges that the felony of common law robbery was committed in "Wake County, North Carolina," and that the two subsequent felonies were committed in "Wake County." The description of defendant's three prior felony convictions is contained in the same sentence, separated only by semi-colons. The use of "Wake County" to describe the sovereignty against which the felonies were committed, is clearly a reference to Wake County, North Carolina. We cannot discern, and defendant does not suggest, how he was prevented from preparing an adequate defense because the indictment utilized the words "Wake County" rather than "Wake County, North Carolina." Defendant's assignments of error related to the denial of his motion to dismiss the habitual felon indictment on statutory grounds are overruled.

[4] Defendant next assigns as error the trial court's denial of his motion to dismiss the habitual felon indictment on constitutional grounds. Defendant argues that the Habitual Felon Act, G.S. § 14-7.1 *et seq.*, is unconstitutional as written and as applied to

him. Specifically, defendant argues that prosecution under the statute denies him due process and equal protection of the law and subjects him to double jeopardy and cruel and unusual punishment. We disagree.

In *State v. Todd*, 313 N.C. 110, 326 S.E.2d 249 (1985), the Court held that the procedures set forth in G.S. § 14-7.1 *et seq.*, comport with a criminal defendant's federal and state constitutional guarantees. *Todd*, 313 N.C. at 118, 326 S.E.2d at 253. However, a sentence may be vacated on the ground of excessiveness if the defendant shows "an abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness or injustice, or conduct which offends the public sense of fair play." *Id.* at 119, 326 S.E.2d at 254, *quoting, State v. Ahearn*, 307 N.C. 584, 598, 300 S.E.2d 689, 697 (1983).

Based on *Todd*, we hold that defendant's prosecution as an habitual felon neither denied him due process or equal protection of the law nor subjected him to double jeopardy. Likewise, we are not persuaded that defendant's sentences are excessive. As an habitual offender, a defendant must be sentenced as a class C felon and shall not receive a sentence of less than 14 years imprisonment. N.C. Gen. Stat. § 14-7.6. Class C felons are punishable by imprisonment up to 50 years, or by life imprisonment. N.C. Gen. Stat. § 14-1.1(a)(3). Defendant was found to be an habitual offender and was sentenced to fourteen years of imprisonment, the minimum sentence allowed under the habitual felon statute. In light of the maximum sentence allowed under the statute, as well as defendant's history of felony convictions, we hold that defendant has failed to show an abuse of discretion, procedural misconduct, unfairness, injustice, or conduct offensive to the public sense of fair play. *See State v. Aldridge*, 76 N.C. App. 638, 334 S.E.2d 107 (1985) (Imposition of a thirty year sentence for an habitual felon who could have received a maximum sentence of life imprisonment does not constitute cruel and unusual punishment.) This assignment of error is overruled.

[5]  Defendant also argues that the habitual felon statute is unconstitutional as applied to him on the ground that it authorizes enhanced sentencing where the principal felony differs from the felonies which establish defendant as an habitual felon. According to defendant, he could only be sentenced as an habitual offender for felonious possession of cocaine if his prior convictions were

also for felonious possession of cocaine. We reject this novel proposition. G.S. § 14-7.1 declares that an habitual felon is a person "who has been convicted of or plead guilty to three felony offenses . . . ." We believe that the manifest intent of the General Assembly in enacting the Habitual Felon Act was to insure lengthier sentences for those persons who repeatedly violate our criminal laws. Nowhere in the Act do we find any indication that the Act was intended to apply only to those persons who repeatedly violate the same criminal law, and we decline to write any such requirement into the law. This assignment of error is overruled.

[6] By his next assignments of error, defendant contends the trial court erred by admitting into evidence certain documents contained in State's Exhibit 12. Exhibit 12 was the original file in case number 90 CRS 72404 in the name of "Michael Hodge." The State's purpose for introducing these documents was to show that the "Michael Hodge" convicted of breaking and entering in case number 90 CRS 72404, was the defendant in the present case, William Michael Hodge. Defendant argues that the trial court erred by admitting these documents because the State failed to present a *prima facie* basis for their admission. We disagree.

G.S. § 14-7.4 provides in pertinent part:

A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein.

In *State v. Petty*, 100 N.C. App. 465, 397 S.E.2d 337 (1990), this Court held that "Martin Bernard Petty" and "Martin Petty" were the "same name" for purposes of G.S. § 14-7.4. *Id.* at 470, 397 S.E.2d at 341.

In the present case, the documents introduced to prove defendant's prior conviction for breaking and entering in case 90 CRS 72404 were all identified as accurate copies of the originals. Each of the documents indicated that defendant's name in 90 CRS 72404 was "Michael Hodge." Based on the decision in *Petty*, we hold that for purposes of G.S. § 14-7.4 "Michael Hodge" and "William Michael Hodge" are the same name, and that the documents at

issue therefore constituted *prima facie* evidence that the defendant named in 90 CRS 72404 was the same as the defendant before the court. This assignment of error is overruled.

Defendant also argues that the trial court erred by denying his motion to dismiss the habitual felon indictment on the ground of insufficiency of the evidence. Defendant bases this contention on the premise that the judgment in case 90 CRS 72404 was inadmissible. Having already determined that the judgment in case 90 CRS 72404 was properly admitted, we overrule this assignment of error.

No error.

Judges WELLS and LEWIS concur.