STATE OF NORTH CAROLINA v. ROBERT EDWARD YOUNG, DEFENDANT

No COA94-1317

(Filed 17 October 1995)

### 1. Robbery § 55 (NCI4th)— common law robbery—sufficiency of evidence

The trial court properly submitted the charge of common law robbery to the jury where it tended to show that defendant, acting in concert with another and through forcible means—shoving a partially paralyzed man back down on a couch every time he tried to stand up—took the victim's property from his presence and without his consent; the fact that the victim testified on cross-examination that he was not in fear of defendant was of no

STATE v. YOUNG

[120 N.C. App. 456 (1995)]

consequence, since any inconsistencies and contradictions in the evidence are to be disregarded and resolved in favor of the State for purposes of a motion to dismiss.

**Am Jur 2d, Robbery §§ 24, 62 et seq.**

2. **Criminal Law § 1283 (NCI4th)— habitual felon status— underlying felony—two charges in same indictment—separate counts—no error**

Pursuant to N.C.G.S. § 14-7.3, it makes no difference whether defendant is charged with the underlying felony and with habitual felon status in separate bills of indictment or in separate counts of the same bill of indictment, since either method is sufficient to notify defendant of the charges against him, to enable the court to pronounce judgment in the event defendant is convicted, and to allow defendant to be tried first for the principal felony without it being revealed to the jury that he is also charged with having attained habitual felon status.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.**

**Form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses. 80 ALR2d 1196.**

**Chronological or procedural sequence of former convictions as affecting enhancement of penalty under habitual offender statutes. 7 ALR5th 263.**

Appeal by defendant from judgment entered 1 March 1994 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 12 September 1995.

Defendant was charged in Count I of the bill of indictment with common law robbery and in Count II with being an habitual felon as defined in G.S. § 14-7.1. A jury found defendant guilty of common law robbery; he subsequently pled guilty to being an habitual felon. He was sentenced as a Class C felon pursuant to G.S. § 14-7.6 and received a sentence of life imprisonment. Defendant appeals.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Douglas A. Johnston, for the State.*

*John T. Hall for defendant-appellant.*

STATE v. YOUNG

[120 N.C. App. 456 (1995)]

MARTIN, John C., Judge.

I.

**[1]** Defendant first assigns error to the trial court's denial of his motion to dismiss the charge of common law robbery. Common law robbery is defined as the "felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Smith*, 305 N.C. 691, 700, 292 S.E.2d 264, 270, *cert. denied*, 459 U.S. 1056, 74 L.Ed.2d 622 (1982). The use of violence or fear "must be such as to induce the victim to part with his or her property." *State v. Richardson*, 308 N.C. 470, 477, 302 S.E.2d 799, 803 (1983). Defendant contends that the State's evidence in the present case was insufficient to show that the alleged victim was placed in fear or that he was subjected to any "violence."

In ruling on a defendant's motion to dismiss criminal charges, the trial court is required to consider the evidence in the light most favorable to the State, allowing the State every reasonable inference to be drawn therefrom. *State v. Styles*, 93 N.C. App. 596, 379 S.E.2d 255 (1989). The question for the court is whether there is substantial evidence of each essential element of the crime charged, or of a lesser offense included therein, and that the defendant was the perpetrator of the offense. *Richardson, supra*. If so, the court must overrule the motion and submit the case to the jury. *Id.* " 'Substantial evidence' is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion . . . ." *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981) (citations omitted).

In the present case, the evidence tended to show that defendant, accompanied by someone named "Mike," went to the home of the alleged victim, Adaron Lofton, a sixty-one year old partially paralyzed man, between 1:00 a.m. and 2:00 a.m. on 1 December 1993. Defendant knew Mr. Lofton and had some discussion with him about repairing an automobile. Defendant then went to the back of the house to use the bathroom and called for Mr. Lofton to come back there. When Mr. Lofton refused defendant's request, defendant returned, grabbed Mr. Lofton and shoved him onto the couch. Each time Mr. Lofton would try to get up, defendant would push him back down on the couch. Meanwhile, "Mike" unhooked Mr. Lofton's stereo and left the house, followed by defendant.

This evidence, considered in the light most favorable to the State, is sufficient to give rise to a reasonable inference that defendant, act-

ing in concert with "Mike" and through forcible means, took Mr. Lofton's property from his presence and without his consent. *See State v. Jones*, 303 N.C. 500, 279 S.E.2d 835 (1981) (evidence is sufficient to withstand a motion to dismiss and to take the case to the jury if it gives rise to a reasonable inference of defendant's guilt based on the circumstances). That Mr. Lofton testified on cross-examination he was not in fear of defendant is of no consequence; any inconsistencies and contradictions in the evidence are to be disregarded and resolved in favor of the State for purposes of a motion to dismiss. *Styles, supra.* Accordingly, the trial court properly submitted the charge of common law robbery to the jury.

## II.

[2] Prior to his plea of guilty to the charge of being an habitual felon, defendant moved to dismiss the charge on the grounds, *inter alia*, that the charge was contained as an additional count in the same bill of indictment in which he was charged with common law robbery, and was contrary to the provisions of G.S. § 14-7.3. His motion was denied and he has assigned error. Having pleaded guilty to being an habitual felon, and not having moved in the trial court to withdraw his guilty plea, defendant is not entitled to an appeal of right from the trial court's ruling. *See* N.C. Gen. Stat. § 15A-1444(e) (1988). However, we treat the assignment of error as a petition for writ of certiorari and elect to grant review of the issue.

G.S. § 14-7.3 provides, in pertinent part:

An indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony . . . .

The statute contains "obvious internal inconsistencies." *State v. Smith*, 112 N.C. App. 512, 515, 436 S.E.2d 160, 161 (1993). In *State v. Hodge*, 112 N.C. App. 462, 436 S.E.2d 251 (1993), the defendant challenged the habitual felon indictment on the grounds that it was a separate bill of indictment from that charging him with the underlying felony. We rejected his appeal, citing *State v. Todd*, 313 N.C. 110, 326 S.E.2d 249 (1985), and *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585

(1977), in which our Supreme Court stated that an habitual felon charge could be made by a separate bill of indictment.

> Properly construed this act clearly contemplates that when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person *may* then be also indicted *in a separate bill* as being an habitual felon.

*Allen*, 292 N.C. at 433, 233 S.E.2d at 587 (emphasis added). In *Smith, supra*, defendant claimed that the indictment charging him with being an habitual felon was violative of the statute because it was not separate from the indictment charging him with the underlying felony. Our examination of the record disclosed, however, that the charges were in fact contained in separate bills of indictment, though they bore the same administrative file number, distinguished only by the use of the designations (A) and (B), and we rejected his appeal. Contrary to defendant's assertion in his brief, our decisions in *Hodge* and *Smith* were entirely consistent with each other and with the statutory construction stated in *Allen, supra*.

The present case, however, presents a different issue. Unlike *Hodge* and *Smith*, defendant was charged with the underlying felony, common law robbery, and with being an habitual felon, in separate counts of the same bill of indictment rather than in separate bills of indictment. Defendant argues that this procedure violates both G.S. § 14-7.3 and the rule set forth in *Allen*. We disagree.

G.S. § 14-7.3 provides that the indictment charging a defendant with habitual felon status "shall be separate from" the indictment for the principal felony. Contrary to defendant's argument, however, the statute does not require that it be contained in a separate bill of indictment. "Separate" is defined by Black's Law Dictionary, Sixth Edition (1990), as "individual; distinct; particular; disconnected," and by Webster's New Collegiate Dictionary (1977), as "set or kept apart." Thus, we interpret the statute as requiring merely that the indictment charging a defendant with habitual felon status be distinct, or set apart, from the charge of the underlying felony. The reason for such requirement is obvious, so that the underlying felony may be presented to the jury without the risk of prejudice to the defendant which would most certainly result from mention of defendant's having attained the alleged status as an habitual felon as a result of previous convictions.

Moreover, while the Supreme Court stated in *Allen, supra,* that the habitual felon charge *may* be contained in a bill of indictment separate from the bill of indictment alleging the underlying felony, the Court did not state that the two charges *must* be charged in separate bills of indictment. The Court described the proceeding contemplated by the Habitual Felon Act, G.S. § 14-7.1 *et seq.,* as requiring "the indictment or information charging the defendant to be *separated into two parts,* the first alleging the present, or substantive crime, and the second alleging defendant's recidivist status." *Allen,* 292 N.C. at 434, 233 S.E.2d at 587 (emphasis added).

In our view, then, it makes no difference whether defendant is charged with the underlying felony and with habitual felon status in separate bills of indictment, or in separate counts of the same bill of indictment. Either method accomplishes the purpose of an indictment, i.e., to notify the defendant of the charges against him so that he may prepare his defense, and to enable the court to pronounce judgment in the event he is convicted. *State v. Russell,* 282 N.C. 240, 192 S.E.2d 294 (1972). Either method also enables the trial court to proceed as prescribed by G.S. § 14-7.5, i.e., that the defendant is tried first for the principal felony without it being revealed to the jury that he is also charged with having attained habitual felon status, and, if he is convicted of the underlying principal felony, that the ancillary habitual felon charge may then proceed to trial before the same jury.

Even if we agreed with defendant that the indictment should have been dismissed because both charges were contained in a single bill of indictment, he has demonstrated no prejudice by reason thereof. The two counts of the bill of indictment were sufficient to give defendant notice of the charges against him so that he could prepare his defense, and to enable the court to pronounce judgment. *See Russell, supra.* The bill of indictment may not be read to the jury or to the prospective jurors, G.S. § 15A-1221(b), and there is no suggestion in this case that the jurors were apprised of the habitual felon charge at any time before or during defendant's trial for common law robbery. The burden is upon the defendant to show not only error, but also prejudice. *State v. McLaurin,* 33 N.C. App. 589, 235 S.E.2d 871 (1977). A bill of indictment will not be dismissed for minor defects which neither mislead the defendant nor affect the merits of the case. *Russell, supra; State v. Brady,* 237 N.C. 675, 75 S.E.2d 791 (1953).

Defendant also asks that we review the denial of his motion to dismiss the habitual felon charge on constitutional grounds. His con-

stitutional arguments have been considered and decided adversely to him by our Supreme Court in *Todd, supra; see also Smith, supra; Hodge, supra.*

Finally, defendant's arguments with respect to the failure of the habitual felon indictment to adequately allege "the name of the state or other sovereign against whom said [prior] felony offenses were committed . . ." have been considered by this Court on virtually identical facts and found to be without merit. *See Hodge, supra.* Accordingly, we hold the trial court correctly denied defendant's motion to dismiss the habitual felon charge contained in the second count of the bill of indictment in this case.

Defendant received a fair trial, free from prejudicial error.

No error.

Judges WALKER and McGEE concur.