STATE OF NORTH CAROLINA v. THOMAS MILTON LINDSEY

No. 9421SC550

(Filed 18 April 1995)

## 1. Evidence and Witnesses § 437 (NCI4th)— pretrial photographic identification—no impermissible suggestiveness

The trial court did not err by finding that no single photograph of defendant was ever shown to a robbery victim prior to a pretrial photographic lineup and that the photographic identification procedure was not impermissibly suggestive, although the victim testified that he was shown a single photograph of defendant prior to the photographic lineup, where a detective testified that the victim was shown bank surveillance pictures of the robbery at an automatic teller machine and asked to describe the events depicted in the pictures in order to verify that a robbery had occurred, and that the victim was shown a single photograph of another alleged perpetrator but was not shown a single photograph of defendant.

**Am Jur 2d, Evidence § 630.**

## 2. Evidence and Witnesses § 468 (NCI4th)— pretrial photographic identification—independent origin of in-court identification

The trial court did not err by finding that a robbery victim's in-court identification of defendant was based upon what he observed the night of the robbery at a bank teller machine and was of independent origin from a pretrial photographic identification where the victim testified that he was face to face with defendant for ten minutes in a well-lighted area with nothing concealing defendant's facial features and that his corrected vision is 20/20, and a detective testified that the victim's initial description

of defendant after the robbery was "pretty close" to his actual appearance and that defendant immediately picked defendant's picture at the photographic lineup and seemed positive about his identification.

**Am Jur 2d, Evidence § 629.**

**3. Criminal Law § 1286 (NCI4th)— habitual felon—failure to prove conviction for felony**

A habitual felon charge should have been dismissed for insufficient evidence because the State failed to show that a New Jersey conviction upon which the State relied was for a felony where the State presented evidence that defendant pled guilty to an indictment charging him with receiving stolen property valued between $200 and $400 and was given a sentence of two to three years; the indictment does not appear to charge defendant with felonious possession of stolen property; the judgment does not recite that defendant pled guilty to a felony or was sentenced as a felon; and there was no certification from any official that the offense was a felony in New Jersey at the time defendant was convicted.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 26, 27.**

Appeal by defendant from judgment entered 4 January 1994 by Judge James A. Beaty, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 21 February 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Carol L. Teeter for defendant-appellant.*

WALKER, Judge.

On 28 August 1993 at about 10:30 p.m., Jeffrey Dean Norris stopped to use the automatic teller machine at the Wachovia Bank branch at 916 West Fourth Street in Winston-Salem, North Carolina. After making a withdrawal, Mr. Norris was approached by two men with knives who asked for his money and forced him to withdraw more money from the automatic teller machine. The two men took approximately $125 from Mr. Norris and fled the scene. Defendant was arrested on 13 September 1993 and charged in a bill of indictment with robbery with a dangerous weapon (Count I) and with being an

STATE v. LINDSEY

[118 N.C. App. 549 (1995)]

habitual felon (Count II). At trial, Mr. Norris identified defendant as one of the perpetrators. Defendant was found guilty on both counts and was sentenced on Count I to thirty years in prison as an habitual felon.

Defendant first argues that the trial court erred in allowing Mr. Norris to identify him as one of the perpetrators because the in-court identification was tainted by a suggestive pretrial identification procedure in violation of defendant's Sixth and Fourteenth Amendment rights. To address this argument, we must inquire whether in the totality of the circumstances the procedure was "so unnecessarily suggestive and conducive to irreparable misidentification that it offend[ed] fundamental standards of decency and justice." *State v. Freeman*, 313 N.C. 539, 544, 330 S.E.2d 465, 471 (1985). Factors to consider in making this inquiry include (1) the witness' opportunity to observe the accused at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the accused; (4) the witness' level of certainty at the confrontation; and (5) the length of time between the crime and the confrontation. *Id.*; *State v. Capps*, 114 N.C. App. 156, 162, 441 S.E.2d 621, 624-25 (1994). "If an identification procedure is not impermissibly suggestive, the inquiry is ended." *Freeman*, 313 N.C. at 544, 330 S.E.2d at 471. The trial court's findings on this issue are conclusive on appeal if they are supported by competent evidence. *State v. White*, 311 N.C. 238, 243, 316 S.E.2d 42, 45 (1984).

[1] The trial court conducted a voir dire upon defendant's objection to Mr. Norris' in-court identification. The witnesses were Mr. Norris and Detective Chapple, the officer who conducted the pretrial identification procedure. Mr. Norris initially testified that at some point in the investigation he was shown a single photograph of defendant prior to viewing a photographic lineup and was asked, "Is this him?" However, Detective Chapple testified that three days after the robbery, Mr. Norris was shown bank surveillance pictures of the robbery. This was not done for identification purposes; rather, Detective Chapple asked Mr. Norris to describe the events depicted in the pictures in order to verify that a robbery had occurred. Detective Chapple further testified that in September 1993 Mr. Norris was shown a single picture of Gerald Hodge, the other alleged perpetrator, but that no single picture of defendant was ever shown to Mr. Norris. On 28 October 1993 Mr. Norris was shown a photographic lineup containing defendant's picture. He immediately made a positive identification of defendant. The trial court relied on the testimony of

Detective Chapple and found that no single picture of defendant was ever shown to Mr. Norris prior to the lineup. The court then found that the pretrial identification procedure was not impermissibly suggestive. The trial court was in the best position to make this factual determination and it will not be disturbed on appeal. Because there was competent evidence to support this finding, we find no error in the trial court's ruling.

[2] The trial court also found that Mr. Norris' in-court identification was based upon what he witnessed the night of the robbery and was of independent origin from the pretrial lineup. In determining whether an in-court identification is of independent origin, the trial judge should consider the same factors set forth in *Freeman, supra.* *State v. Wilson*, 313 N.C. 516, 530, 330 S.E.2d 450, 460 (1985). Mr. Norris testified on voir dire that he was face to face with defendant for ten minutes in a well-lighted area with nothing concealing defendant's facial features and that his corrected vision is 20/20. Detective Chapple testified that Mr. Norris' initial physical description of defendant after the robbery was "pretty close" to his actual appearance and that at the lineup Mr. Norris picked defendant out "within two seconds" and seemed "positive" about his identification. We find this evidence sufficient to support the trial court's findings.

[3] Defendant also claims the trial court erred by denying his motion to dismiss the habitual felon indictment because there was insufficient evidence to submit this charge to the jury. In resolving a motion to dismiss, the trial court must view the evidence presented in the light most favorable to the State, giving the State every reasonable inference to be drawn therefrom, and determine whether the State has presented substantial evidence of each element of the offense. *State v. Earnhardt*, 307 N.C. 62, 65-67, 296 S.E.2d 649, 651-53 (1982). Substantial evidence is " 'evidence from which any rational trier of fact could find the fact to be proved beyond a reasonable doubt.' " *State v. Carson*, 337 N.C. 407, 412, 445 S.E.2d 585, 588 (1994) (citations omitted). Substantial evidence "must be existing and real, not just seeming and imaginary." *State v. Irwin*, 304 N.C. 93, 97-98, 282 S.E.2d 439, 443 (1981). "Evidence is not substantial if it arouses only a suspicion about the facts to be proved, even if the suspicion is strong." *Carson, supra*, at 412, 445 S.E.2d at 588-89.

N.C. Gen. Stat. § 14-7.1 (1994) defines an habitual felon as a person who has been convicted of or pled guilty to three felony offenses. Thus, in order to withstand defendant's motion to dismiss the habit-

ual felon charge, the State had to present substantial evidence that defendant had three prior felony convictions. The habitual felon indictment here alleged three prior felony convictions, one in North Carolina and two in the state of New Jersey. Defendant concedes that the State presented substantial evidence that he was convicted of one felony in North Carolina and one felony in New Jersey, but he contends that the State did not present substantial evidence that a third offense of which he had been convicted in New Jersey was a felony.

The State presented its evidence regarding the questioned offense through a court clerk who read the contents of the indictment and judgment for the offense. The questioned offense was under a three count indictment from the Superior Court, Camden County, New Jersey, that charged defendant with (1) breaking and entering a dwelling house with intent to commit larceny, (2) felonious larceny, and (3) "unlawfully receiv[ing] or hav[ing] possession of an Admiral color television and a Sony tape recorder of a value in excess of $200 and under $500 or more, of the property, goods and chattels of Sonny Willis before then feloniously stolen, taken and carried away, the said [defendant] well knowing the same to have been feloniously stolen, taken and carried away. . . ." Defendant pled guilty to Count III and received a sentence of two to three years. Counts I and II were dismissed.

The indictment does not charge defendant with felonious possession of stolen property. The judgment does not recite that defendant pled guilty to a felony or was sentenced as a felon. There was no certification from any official that the offense charged in Count III was a felony in New Jersey in 1975. We cannot conclude from the length of defendant's sentence (two to three years) that the offense was a felony in New Jersey.

In sum, we agree with defendant that the State did not present substantial evidence that this third conviction relied upon was a felony as required by our law; therefore, defendant's motion to dismiss the habitual felon charge should have been allowed. Because defendant's conviction on this charge allowed the trial court to enhance defendant's sentence on the underlying offense of robbery with a dangerous weapon, we reverse and remand for resentencing on that offense.

No error as to defendant's conviction of robbery with a dangerous weapon.

**N.C. FARM BUREAU MUT. INS. CO. v. WELCH**

[118 N.C. App. 544 (1995)]

Reversed as to defendant's conviction of being an habitual felon.

Remanded for resentencing on the conviction of robbery with a dangerous weapon.

Judges EAGLES and McGEE concur.