STATE OF NORTH CAROLINA
v.
RONNIE LEE BRANNON
No. COA08-514
North Carolina Court of Appeals.
Filed November 18, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.
Mary March Exum, for defendant-appellant.
TYSON, Judge.
Ronnie Lee Brannon ("defendant") appeals from judgment entered after a jury found him to be guilty of: (1) selling cocaine in violation of N.C. Gen. Stat. § 90-95(a)(1); (2) possession with intent to sell or deliver cocaine in violation of N.C. Gen. Stat. § 90-95(a)(1); and (3) attaining habitual felon status. We hold there to be no error in the jury's verdict or the judgment entered thereon.

I. Background
On 28 April 2007, defendant was indicted on charges of possession with intent to sell or deliver cocaine and sale of cocaine. On 11 June 2007, defendant was indicted for having attained habitual felon status. Defendant was convicted as chargedby the jury. The trial court sentenced defendant to a minimum of 121 months and a maximum of 155 months imprisonment. Defendant appeals.

II. Issues
Defendant argues the trial court erred when it: (1) denied his motion to dismiss the habitual felon indictment and (2) sentenced him as a prior record level V.

III. Motion to Dismiss
Defendant contends the State failed to prove he was the same person as the defendant named in the three indictments and judgments listed in the habitual felon indictment. We disagree.

A. Standard of Review
To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 71617, 483 S.E.2d 432, 434 (1997). "'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)).

B. Analysis
Defendant purports to argue the habitual felon indictment failed to recite that he had attained habitual felon status. Defendant failed to preserve this argument for appellate review because he failed to preserve the right to make the argument through objection or an assignment of error. See N.C.R. App. P. 10(a). Even if the issue were properly before us, defendant's argument is wholly without merit. This Court rejected the same argument in State v. Hodge, 112 N.C. App. 462, 46667, 436 S.E.2d 251, 254 (1993) (citing State v. Todd, 313 N.C. 110, 326 S.E.2d 249 (1985); State v. Allen, 292 N.C. 431, 233 S.E.2d 585 (1977)).
N.C. Gen. Stat. § 14-7.1 (2007) defines an habitual felon as a person who has been convicted of or pleaded guilty to three felony offenses. "[I]n order to withstand defendant's motion to dismiss the habitual felon charge, the State had to present substantial evidence that defendant had three prior felony convictions." State v. Lindsey, 118 N.C. App. 549, 55253, 455 S.E.2d 909, 911 (1995).
A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein.
N.C. Gen. Stat. § 14-7.4 (2007).
Here, the State submitted into evidence true copies of judgments pertaining to defendant's prior felony convictions as listed in the habitual felon indictment. All three judgments identified the defendant as "Ronnie Lee Brannon." The judgment, as well as the indictment, in this case named defendant as "Ronnie Lee Brannon." Pursuant to N.C. Gen. Stat. § 14-7.4, "the three judgments were prima facie evidence that the defendant named in those judgments was the same Defendant as in the current case." State v. Tyson, ___ N.C. App. ___, ___, 658 S.E.2d 285, 294 (2008). Defendant failed to produce any evidence to rebut this prima facie showing by the State. Id. Any discrepancies in defendant's name between the indictments and the judgments were for the jury to consider. Id. This assignment of error is overruled.

IV. Assignment of Prior Record Level
Defendant next argues that the trial court erred in sentencing him as a prior record level V offender. We disagree.
N.C. Gen. Stat. § 15A-1340.14 (2007) provides that the State bears the burden of proving by the preponderance of the evidence that "a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." A defendant's prior convictions may be proven by any of the following methods:
(1) Stipulation of the parties.
(2) An original or copy of the court record of the prior conviction.
(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
(4) Any other method found by the court to be reliable.
N.C. Gen. Stat. § 15A-1340.14(f); see also State v. Riley, 159 N.C. App. 546, 556, 583 S.E.2d 379, 386 (2003).
Defendant stipulated that he had accumulated fifteen prior record level points. Fifteen prior record level points qualified defendant as a Level V felon. Defendant's prior record level was proven by stipulation pursuant to N.C. Gen. Stat. § 15A-1340(f)(1). Defendant has failed to show any error in his prior record level. This assignment of error is overruled.

V. Conclusion
The trial court properly denied defendant's motion to dismiss the habitual felon indictment. The trial court properly assigned a prior record level V to defendant. Defendant received a fair trial, free from prejudicial errors he preserved, assigned, and argued. We hold there to be no error in the jury's verdict or the judgment entered thereon.
No error.
Judges BRYANT and ARROWOOD concur.
Report per Rule 30(e).