STATE OF NORTH CAROLINA v. CHRISTOPHER DEVON DUNCAN

No. COA99-163

(Filed 1 February 2000)

**1. Robbery— instructions—use of firearm**

There was no error in an armed robbery prosecution in which the trial court denied defendant's requested instruction defining a handgun as being capable of expelling a projectile at the time of the alleged offense. There was contradictory testimony as to the nature of the weapon here and the instruction given properly left resolution of the factual issue with the jury. Moreover, the instruction given was substantially the same as the one requested.

**2. Robbery— firearm—not operational**

The trial court did not err by denying defendant's motion to dismiss a charge of armed robbery where the firearm was not recovered and defendant contended that there was insufficient evidence of the use of a firearm. Defendant's testimony that he employed only the barrel of a gun which was not operational was sufficient to remove the presumption that his actions endangered or threatened the victim's life, but failed to show conclusively that the weapon was not operational and did not eliminate the permissive inference of danger to the victim.

Appeal by defendant from judgment entered 5 November 1998 by Judge Sanford L. Steelman, Jr., in Union County Superior Court. Heard in the Court of Appeals 5 January 2000.

STATE v. DUNCAN

[136 N.C. App. 515 (2000)]

*Attorney General Michael F. Easley, by Special Deputy Attorney General Robert O. Crawford, III, for the State.*

*Goodwin & McGuirt, PLLC, by S. Stephen Goodwin, for defendant-appellant.*

MARTIN, Judge.

Defendant appeals from a judgment entered upon his conviction by a jury of robbery with a firearm. Briefly summarized, the evidence presented at trial tended to show that on 22 January 1997, defendant and Reavious Okone Robinson, his co-defendant, entered the Quick One Food Mart. After shopping for approximately ten minutes, Robinson approached the counter to make a purchase; when Youlim Tam, the clerk, opened the cash register to make change, defendant held an object to Tam's shoulder and demanded money. Tam testified the object was a "two barrel[ed], silver handgun."

Defendant and Robinson escaped with $280, part of which defendant gave to Robinson, and defendant told Robinson to get rid of the gun.

Defendant testified in his own behalf. He stated that the object which he held to Tam's shoulder was only the barrel of a .22 caliber handgun and that it was incapable of firing a bullet.

---

Defendant presents three arguments in support of five of the six assignments of error set forth in the record on appeal; the remaining assignment of error, which is neither presented nor discussed in defendant's brief, is deemed abandoned. N.C.R. App. P. 28(a), 28(b)(5).

Defendant contends the trial court erred by (1) refusing to grant defendant's request for a jury instruction, (2) denying defendant's motions to dismiss the charge of robbery with a firearm due to the insufficiency of the evidence, and (3) denying defendant's motion to set aside the verdict. We find no error.

I.

[1] Defendant first contends the trial court erred in denying his request for an additional instruction to the jury in defining the element requiring use of a firearm. The trial court gave the following instruction:

[T]hat the defendant had a firearm in his possession at the time he obtained the property, or that it reasonably appeared to the victim that a firearm was being used, in which case you may, but were not required to, infer that the said instrument was what the defendant's conduct represented it to be. A firearm in this case would be a handgun which is capable of expelling a projectile by action or an explosion. At all times, the burden of proof remains upon the State to show beyond a reasonable doubt that the defendant had a firearm in his possession at the time he obtained the property.

Defendant requested, and the court refused, to insert the phrase "at the time of the alleged offense" at the end of the sentence defining firearm, so the instruction would have read "a firearm in this case would be a handgun which is capable of expelling a projectile by action of an explosion at the time of the alleged offense."

The trial court has discretion in selecting the language used in its jury instructions; *State v. Bostic*, 121 N.C. App. 90, 465 S.E.2d 20 (1995), but "[i]f a request is made for a jury instruction which is correct in itself and supported by evidence, the trial court must give the instruction at least in substance." *State v. Harvell*, 334 N.C. 356, 364, 432 S.E.2d 125, 129 (1993); See also *State v. Summey*, 109 N.C. App. 518, 428 S.E.2d 245 (1993).

The law regarding the definition of a firearm was clearly articulated in *State v. Allen*, 317 N.C. 119, 343 S.E.2d 893 (1986). In *Allen*, the defendant pointed what appeared to be a small caliber handgun at a store clerk and demanded money from the cash register. Defendant then pointed the "gun" at another patron, who happened to be an off-duty correctional facility employee, and ordered him out of the defendant's way. The defendant claimed that the "gun" was a cap pistol and was not capable of actually harming either victim. Both victims testified that they saw the barrel of the gun and thought that it looked like a real gun. The trial court instructed the jury that a dangerous weapon "include[d] pistols which look like firearms such as cap pistols" and that "[a]n instrument is a dangerous weapon if it is apparently a weapon capable of inflicting a life threatening injury." *Id.* at 121, 343 S.E.2d at 895. The North Carolina Supreme Court held that an object incapable of endangering or threatening life cannot be considered a dangerous weapon. In *Allen*, as in the case at bar, contradictory testimony was presented as to the nature of the weapon used in the commission of the robberies. However, the instruction

STATE v. DUNCAN

[136 N.C. App. 515 (2000)]

given in the current case, unlike the one in *Allen*, properly leaves the resolution of this factual dispute within the province of the jury.

In its instruction, the trial court instructed the jury that the State was required to prove the defendant "had a firearm in his possession **at the time** he obtained the property," and that a firearm is "a handgun which is capable of expelling a projectile by action of an explosion." The instruction given was substantially the same as the one requested, and this assignment of error is overruled.

## II.

**[2]** Defendant next assigns error to the trial court's denial of his motion to dismiss the charge of robbery with a firearm. He contends the State failed to offer substantial evidence to prove an essential element of the crime, i.e., his use of a firearm.

It is well established that a motion to dismiss should be denied if there is substantial evidence of each essential element of the crime and defendant is the perpetrator. *State v. Young*, 120 N.C. App. 456, 462 S.E.2d 683 (1995). "Substantial evidence requires that the evidence must be 'existing and real, not just seeming and imaginary.' " *State v. McKenzie*, 122 N.C. App. 37, 45, 468 S.E.2d 817, 824 (1996) (quoting *State v. Bates*, 309 N.C. 528, 533, 308 S.E.2d 258, 262 (1983)). The trial judge must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from the evidence. *Young, supra*. "[C]ontradictions and discrepancies [in the evidence] are for the jury to resolve and do not warrant dismissal." *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).

G.S. § 14-87 defines the crime of robbery with a firearm or other dangerous weapon as:

(a) Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another . . ., at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.

N.C. Gen. Stat. § 14-87 (1999); *State v. Barnes*, 125 N.C. App. 75, 479 S.E.2d 236, *affirmed*, 347 N.C. 350, 492 S.E.2d 355 (1997). Therefore, to overcome defendant's motion the State must have presented sub-

stantial evidence that defendant, in taking the money from Tam, used a dangerous weapon and endangered or threatened Tam's life.

Tam testified as follows:

A: Yeah. The gun on my shoulder, have it on it and then showed it to me, this gun on his hand.

Q: How did he show it to you?

A: On my shoulder right here and I saw that he—there's a gun on his hand and it was two barrels, silver handgun.

Q: Now, when he showed you the gun could you see the entire gun?

A: Yeah. I could see it on his hands with two barrels. I could tell it was silver handgun, small gun.

Q: Could you see a handle on the gun?

A: Yeah, a black handle.

The weapon itself was never recovered. Viewing the foregoing evidence in the light most favorable to the State, it is sufficient to support a finding that defendant used a dangerous weapon in the commission of this robbery.

"When a person commits a robbery by the use or threatened use of an implement which appears to be a firearm or other dangerous weapon, the law presumes, in the absence of any evidence to the contrary, that the instrument is what his conduct represents it to be—an implement endangering or threatening the life of the person being robbed." *State v. Joyner*, 312 N.C. 779, 782, 324 S.E.2d 841, 844 (1985). However, when any evidence is presented showing the weapon is not operational and does not pose a danger, the mandatory presumption disappears and the jury is permitted, but is not required, to infer, that the life of the victim was endangered or threatened by the apparent weapon. *Id.* If evidence is presented that conclusively proves the weapon posed no danger, then even the inference is not permitted and the jury cannot be given the option of finding defendant guilty of robbery with a dangerous weapon. *State v. Allen*, 317 N.C. 119, 343 S.E.2d 893 (1986).

In this case, defendant's testimony that he employed only the barrel of a gun which was not an operational weapon and could not have endangered the life of the victim is sufficient to remove the pre-

sumption that his actions endangered or threatened Tam's life. Defendant's evidence, however, fails to show conclusively that the weapon was not operational and did not eliminate the permissive inference of danger to the victim. The jury was properly instructed that they "may, but were not required to, infer that the said instrument was what the defendant's conduct represented it to be," namely an operational handgun. Therefore, the State presented substantial evidence of each element of robbery with a dangerous weapon, and the trial court properly denied defendant's motions to dismiss.

### III.

Finally, defendant argues the trial court erred in failing to set aside the verdict of guilty of robbery with a dangerous weapon and enter judgment as upon a conviction of common law robbery. The standard of review of a trial court's denial of a motion to set aside a verdict for lack of substantial evidence is the same as reviewing its denial of a motion to dismiss, i.e., whether there is substantial evidence of each essential element of the crime. *State v. Young, supra.* For the reasons set forth in section II above, we also reject this assignment of error.

Defendant received a fair trial, free of prejudicial error.

No error.

Judges TIMMONS-GOODSON and HORTON concur.