**STATE v. JUNIOUS**

[180 N.C. App. 656 (2006)]

STATE OF NORTH CAROLINA v. BRIAN DECARLOS JUNIOUS, Defendant

No. COA06-169

(Filed 19 December 2006)

### 1. Evidence— prior crimes or bad acts—possession of handgun—instruction

The trial court did not err in a possession of a firearm by a felon, discharging a firearm into an occupied vehicle, and first-degree murder case by stating in its instructions to the jury the specific facts shown by the State's N.C.G.S. § 8C-1, Rule 404(b) evidence regarding an officer's testimony of a prior encounter with defendant where he saw defendant with a semi-automatic handgun, but not mentioning defendant's contentions, because: (1) the trial court's instruction was substantially similar to what defendant requested, and the only difference was that the trial court's actual instruction identified the officer as the person who saw defendant in possession of what appeared to be a handgun; (2) the use of the words "tending to show" or "tends to show" in reviewing the evidence does not constitute an expression of the trial court's opinion of the evidence; and (3) contrary to defendant's argument, the challenged instruction did not emphasize the State's evidence, but appropriately informed the jury that if the evidence was believed, it could only be considered for the limited purpose for which it was received.

### 2. Criminal Law— prosecutor's arguments—passenger stated victim deserved to die

The trial court did not abused its discretion in a possession of a firearm by a felon, discharging a firearm into an occupied vehicle, and first-degree murder case by overruling defendant's objections to the prosecutor's closing argument including the prosecutor referencing testimony that a female passenger in defendant's truck stated immediately after the shooting that the victim deserved it after defendant said the victim hit his truck, because: (1) the prosecutor never attributed the statement, that the victim deserved to die, to defendant; (2) the prosecutor used the statement as an opening imploring the jury to find the facts in the State's favor and convict defendant of the murder; and (3) the prosecutor went on at length reviewing the evidence presented and allowable inferences, and did not focus on the single statement made by the female passenger.

STATE v. JUNIOUS

[180 N.C. App. 656 (2006)]

**3. Discovery— failure to disclose exculpatory information—
identification of another person in photographs—no
knowledge of information until trial**

The trial court did not err in a possession of a firearm by a
felon, discharging a firearm into an occupied vehicle, and first-
degree murder case by denying defendant's motion to dismiss
based upon the State's failure to provide him with exculpatory
information that a witness identified another man as the shooter
in the photographic array presented to her shortly after the shoot-
ing, because: (1) the prosecutor disclosed during a hearing out-
side the jury's presence that he did not know the witness had
identified another man from the photographic array as the
shooter until she so testified at trial; (2) the hearing revealed that
the detective who presented the photographic array to the wit-
ness did not recall her pointing to any picture in the photographic
array, and if she had, it would have been standard practice for the
witness to circle the photograph she chose and initial and date
the card, which had not been done; and (3) the State cannot rea-
sonably be expected to relate a statement to defendant which it
has no knowledge of such as in the case at hand.

Appeal by defendant from judgments dated 9 August 2005 by
Judge W. Allen Cobb, Jr. in New Hanover County Superior Court.
Heard in the Court of Appeals 11 October 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney
General Ronald M. Marquette, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate
Defender Charlesena Elliott Walker, for defendant-appellant.*

BRYANT, Judge.

Brian DeCarlos Junious (defendant) appeals from judgments
dated 9 August 2005, entered consistent with a jury verdict finding
defendant guilty of possession of a firearm by a felon, discharging a
firearm into an occupied vehicle, and first degree murder. For the rea-
sons below, we find no error occurred at defendant's trial.

*Facts*

At approximately 2:30 a.m. on the morning of 5 July 2003 Wayne
Mitchell was shot multiple times from close range as he sat behind

the wheel of his green Ford Expedition in the parking lot outside the Seahorse Lounge in Wilmington, North Carolina. Wayne Mitchell bled to death at the scene of the shooting as a result of one of the gunshot wounds he sustained. Defendant was seen with a handgun standing at the passenger window of Wayne Mitchell's Ford Expedition and shooting into the vehicle.

Shannon Mitchell was a passenger in the backseat of defendant's vehicle that morning, trying to go to sleep but he was awakened by the sound of gunshots. Looking up, Shannon Mitchell saw defendant standing by the passenger side door of Wayne Mitchell's Ford Expedition with his arm in the window, and the person in the Ford Expedition was "bouncing in the truck." Upon entering his own vehicle, defendant placed a semi-automatic handgun on the armrest and drove off. Defendant later gave Shannon Mitchell the semi-automatic handgun and told him to get rid of the gun.

On 25 August 2003, responding to a tip regarding the location of the handgun used in the shooting, Officer Michael Overton of the Wilmington City Police Department located and took custody of a rusted Taurus nine-millimeter semi-automatic handgun he found inside a plastic Food Lion bag by a trash can in a Wilmington City Park. This was the same handgun defendant gave Shannon Mitchell. All of the casings and bullets recovered from the shooting scene were fired from the Taurus firearm.

*Procedural History*

On 5 January 2004, defendant was indicted by the New Hanover County Grand Jury for the offense of first degree murder. Defendant was subsequently indicted on 1 March 2004 for the offenses of discharging a firearm into an occupied vehicle and possession of a firearm by a felon. From 1 August to 9 August 2005, defendant was tried before a jury on these charges in New Hanover County Superior Court, the Honorable W. Allen Cobb, Jr., presiding. On 9 August 2005, the jury returned a verdict of guilty on all three charges, and the trial court entered judgments consistent with the jury verdict.

Defendant was sentenced to a term of imprisonment of sixteen to twenty-one months for the conviction on the charge of possession of a firearm by a felon, and a term of life imprisonment without the possibility of parole for the conviction on the charge of first degree murder. The trial court arrested judgment for the conviction on the charge of discharging a firearm into an occupied vehicle because it

served as the underlying felony in defendant's first degree murder conviction. Defendant appeals.

Defendant raises the issues of whether the trial court erred in: (I) stating in its instructions to the jury the specific facts shown by the State's 404(b) evidence, but not mentioning defendant's contentions; (II) overruling defendant's objections to the prosecutor's closing argument; and (III) denying defendant's motion to dismiss based upon the State's failure to provide him with exculpatory information.

*I*

[1] Defendant first argues the trial court erred in stating, in its instructions to the jury, the specific facts shown by the State's 404(b) evidence but not mentioning defendant's contentions. At trial the State introduced evidence of a prior confrontation between defendant and Officer Eddie Reynolds. Officer Reynolds testified as to a previous encounter with defendant where he saw defendant with a semi-automatic handgun. This evidence was admitted pursuant to Rule 404(b) of the North Carolina Rules of Evidence for the purpose of showing the identity of the person who committed the crimes charged in this case and to show that defendant had the requisite intent to commit the crimes charged. *See* N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005).

During the subsequent charge conference at trial, defendant brought forward his concern over the trial court's instruction on the Rule 404(b) evidence presented at trial. In regards to this instruction, the State asked for the following:

Your Honor, I would say evidence from Officer Eddie Reynolds to show the Defendant on a prior occasion had possession of an automatic firearm, that he kept this firearm tucked in his front belt and that he pulled the firearm on the—I guess the security guard, Officer Reynolds, or you could just say you got evidence from Officer Reynolds concerning an altercation on a prior occasion and let the jury determine what the facts were.

Defendant objected to this request, seeking to limit the specific evidence listed in the charge, and requested the trial court give the instruction stating that "evidence has been received to show that at an earlier time the Defendant possessed what appeared to be a handgun." During its charge to the jury, the trial court instructed that

evidence has been received tending to show that Officer Eddie Reynolds saw the Defendant at an earlier time and that the Defendant possessed what appeared to be a handgun. This evidence was received in this trial solely for the purpose of showing the identity of the person who committed the crime charged in this case, if it was committed, and that the Defendant had the intent, which is a necessary element of the crime charged in this case. If you believe this evidence, you may consider it but only for the limited purpose for which it was received.

It is well settled that " '[i]f a request is made for a jury instruction which is correct in itself and supported by evidence, the trial court must give the instruction at least in substance.' " *State v. Childers*, 154 N.C. App. 375, 381, 572 S.E.2d 207, 211 (2002) (quoting *State v. Duncan*, 136 N.C. App. 515, 517, 524 S.E.2d 808, 810 (2000)), *cert. denied*, 356 N.C. 682, 577 S.E.2d 899 (2003). The instruction given by the trial court is substantially similar to that which defendant requested, the only difference is that the trial court's actual instruction identifies Officer Eddie Reynolds as the person who saw defendant in possession of what appeared to be a handgun. The instruction was given pursuant to Instruction 104.15 of the North Carolina Pattern Jury Instructions. *See* N.C.P.I.—Crim. 104.15 (1984). Instruction 104.15 is a limiting instruction which the trial court gives to inform the jury that certain evidence was admitted solely for other purposes pursuant to Rule 404(b).

Defendant argues that by stating the specific evidence which was admitted solely for 404(b) purposes, as required under Instruction 104.15 of the North Carolina Pattern Jury Instructions, the trial court improperly gave its opinion as to the State's evidence and prejudiced defendant by emphasizing the State's evidence over his contentions. First, we note that "[t]he use of the words 'tending to show' or 'tends to show' in reviewing the evidence does not constitute an expression of the trial court's opinion on the evidence." *State v. Young*, 324 N.C. 489, 495, 380 S.E.2d 94, 97 (1989) (citations omitted). In its instruction regarding the State's 404(b) evidence, the trial court stated that "evidence has been received *tending to show*[,]" thus the trial court has not expressed an opinion as to this evidence. Further, contrary to defendant's argument, the challenged instruction did not emphasize the State's evidence, but appropriately informed the jury that if the evidence was believed, it could only be considered for the limited purpose for which it was received. This assignment of error is overruled.

STATE v. JUNIOUS

[180 N.C. App. 656 (2006)]

## II

**[2]** Defendant next contends the trial court erred in overruling defendant's objections to the prosecutor's closing argument. During closing arguments, defendant twice objected to statements made by the prosecutor referencing testimony that a female passenger in defendant's truck stated "[the victim] deserved it" immediately after the shooting. Defendant argues the trial court abused its discretion in overruling his objections and allowed the prosecutor to focus on the female's statement that "[the victim] deserved it" and argue to the jury that defendant believed the victim deserved to die because the victim hit defendant's truck. We disagree.

Our Supreme Court has consistently held that trial "counsel must be allowed wide latitude in the argument of hotly contested cases[,]" and "may argue to the jury the facts in evidence and all reasonable inferences to be drawn therefrom together with the relevant law so as to present his side of the case." *State v. Berry*, 356 N.C. 490, 518, 573 S.E.2d 132, 150 (2002) (citation and quotations omitted). Where there is an objection to a statement made during closing arguments, "this Court must determine 'whether the trial court abused its discretion by failing to sustain the objection.'" *State v. McNeill*, 360 N.C. 231, 245, 624 S.E.2d 329, 339 (quoting *State v. Walters*, 357 N.C. 68, 101, 588 S.E.2d 344, 364 (2003)), *cert. denied*, —— U.S. ——, 166 L. Ed. 2d 281 (2006). Our inquiry has two parts: "[f]irst, this Court must determine whether the remarks were in fact improper; second, this Court must determine if the remarks were of such a magnitude that their inclusion prejudiced defendant, and thus should have been excluded by the trial court." *Id.* (citation and quotations omitted).

At trial, Shannon Mitchell testified for the State that after shooting the victim and returning to his vehicle, defendant said the victim hit defendant's truck and a female passenger responded that "[the victim] deserved it." Defendant did not object to Mitchell's testimony and the female passenger was never identified and did not testify. At the start of his closing argument the prosecutor stated:

> With all the credible evidence, this man was literally gunned down in the street because . . . of what can only be described as a minor traffic accident.
>
> And what's most disturbing about that, not just that someone would feel the necessity to pull a gun and kill a man because he had an accident, was the voice that we heard shortly thereafter by

the girl in the car, that he deserved it. You got an individual who got gunned down literally in the street because that man carried a gun and he didn't want to pay and so he took it upon himself to shoot a man over that.

. . .

And even more disturbing is we have his friend, [saying] he deserved it, he deserved it. And there [are] a lot of people out there that feel that way, there [are] a lot of people that feel the first resort to anything that [doesn't] suit them is violence.

Well, folks, Wayne Mitchell did not deserve to die. It's going to be up to you to let him know that he did not deserve to die. It's going to be up to you, the State [sic], in a loud clear voice: No, he did not. The State of North Carolina, his family, and justice requires that you tell these people that nobody deserves to die.

Contrary to defendant's argument, the statements of the prosecutor are not improper. The prosecutor never attributes the statement that the victim "deserved to die" to defendant. The prosecutor uses the statement that the victim "deserved to die" not as an argument that defendant believed the victim deserved to die, but as an opening imploring the jury to find the facts in the State's favor and convict defendant of the murder of Wayne Mitchell. Subsequent to the above-quoted language, which is the beginning of the prosecutor's closing argument, the prosecutor went on at length reviewing the evidence presented and allowable inferences, and did not "focus" on the single statement made by the female passenger that the victim deserved to die. This assignment of error is overruled.

*III*

[3] Defendant lastly argues the trial court erred in denying defendant's motion to dismiss based upon the State's failure to provide him with exculpatory information. Prior to trial, defendant filed a motion to compel discovery pursuant to N.C. Gen. Stat. § 15A-903 (2005). The State subsequently disclosed to defendant that a potential eye witness, Ms. Haynes, did not identify defendant in a photographic array presented to her shortly after the shooting. Thereafter, at trial Ms. Haynes testified that not only did she not identify defendant in the photographic array, but she identified another man in the photographic array as the shooter. However, Ms. Haynes did identify defendant as the shooter at trial. In light of Ms. Haynes' testimony

that she identified another man as the shooter in the photographic array, defendant filed a motion to dismiss the charges against him.

The trial court conducted a hearing on defendant's motion outside the presence of the jury, where the prosecutor in this case disclosed that he did not know Ms. Haynes had identified another man from the photographic array as the shooter until she so testified at trial. Further, the hearing revealed that Detective Michael Overton of the Wilmington City Police Department presented the photographic array to Ms. Haynes. Detective Overton testified that he did not recall Ms. Haynes pointing to any picture in the photographic array, and if she had, it would have been standard practice for Ms. Haynes to circle the photograph she chose and initial and date the card, which had not been done. The trial court denied defendant's motion to dismiss.

Defendant now contends the State failed to provide him with exculpatory information showing that two hours after the shooting Ms. Haynes identified someone other than the defendant as the shooter. Defendant argues there is a reasonable probability that had Ms. Haynes alleged misidentification been disclosed, the result of the trial would have been different. However, the record before this Court, including the *voir dire* hearing on defendant's motion to dismiss, does not show that the State knew of any prior identification by Ms. Haynes. The prosecutor stated he knew of no such prior identification until Ms. Haynes testified in court, the detective conducting the photographic lineup stated he did not recall a prior identification, and the photographic array was not marked as required by the procedures of the Wilmington City Police Department indicating an identification by Ms. Haynes of someone in the photographic array as the shooter. Our Supreme Court has held:

> The State cannot reasonably be expected to relate a statement to defendant which it has no knowledge of such as in the case at hand. Under these circumstances, we find that the State did not violate the discovery rules of N.C.G.S. § 15A-903(a); thus, the trial court did not err . . . .

*State v. Godwin*, 336 N.C. 499, 507, 444 S.E.2d 206, 210 (1994). Similarly, here the trial court did not err in denying defendant's motion to dismiss. This assignment of error is overruled.

No error.

Judges TYSON and LEVINSON concur.